[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 449 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 450 
The point is made on behalf of the respondent that an appeal in this case to this court is unauthorized, and to sustain this contention our attention is called to the cases of New YorkCentral Railroad Co. v. Marvin (11 N.Y. 276), Matter of Del. Hud. Canal Co. (69 id. 209), Matter of P.P. C.I.R.R. Co. (85 id. 489), and to other cases. The point is not entirely free from difficulty, and we have concluded to consider the case upon its merits.
The agreement of May 24, 1883, was one of purchase and sale. It seems that the parties were not able to agree upon the compensation to be paid for the property, and there were also apparently some difficulties as to the title to be conveyed, growing out of incumbrances upon the property. Hence for the purpose of fixing the price and clearing up the title it was *Page 452 
agreed that the proceedings should be taken under the General Railroad Act. It is entirely clear that the parties were not willing to leave the compensation to be paid to be determined by any three commissioners to be appointed by the court, but they selected the commissioners, and those commissioners were to appraise the property in the manner specified in the agreement. They were not only to hear evidence as to the value of the property, but they were to act upon their own knowledge and information as well as upon the evidence. Mrs. Bennett did not agree to convey her property for a compensation to be fixed by any three persons to be appointed by the court, but for a compensation to be fixed by the three persons named under the precise conditions specified in the agreement; and it would certainly be contrary to the understanding of the parties that she should be compelled to part with the property for a compensation to be fixed in any other way. It is true that all rights of appeal given by law were reserved to either party, but we cannot infer from that language that it was expected by either party that the commissioners should be changed. That would defeat the whole scheme of the arrangement between them. If the court could, upon appeal, change the commissioners, very little was gained in the first instance by naming the commissioners who were to make the appraisal. The railroad company have had all the right of appeal which it was contemplated by the parties it should have. What the parties desired by this clause in the agreement was to secure the right to have reviewed upon appeal any errors of law or of fact which the commissioners might commit in their appraisal.
But the claim is made that the parties could not thus hamper and circumscribe the power of the court. It is undoubtedly true that the court at Special Term was not bound to appoint the three commissioners named by the parties. It could have refused to appoint them and have left the parties either to abandon their agreement, or to carry it out in some other way. But the agreement of the parties bound them and concluded the court in that proceeding, and the court was bound *Page 453 
as between the parties to observe, enforce and carry out the agreement. Parties by their stipulations may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce. They may stipulate away statutory, and even constitutional rights. They may stipulate for shorter limitations of time for bringing actions for the breach of contracts than are prescribed by the statutes, such limitations being frequently found in insurance policies. They may stipulate that the decision of a court shall be final, and thus waive the right of appeal; and all such stipulations not unreasonable, not against good morals, or sound public policy, have been and will be enforced; and generally, all stipulations made by parties for the government of their conduct, or the control of their rights, in the trial of a cause, or the conduct of a litigation, are enforced by the courts. (Buel v. Trustees of Lockport, 3 N.Y. 197; Embury
v. Conner, id. 511; Sherman v. McKeon, 38 id. 266; Allen
v. Commissioners, etc., id. 312; Vose v. Cockcroft,
44 id. 415; Phyfe v. Eimer, 45 id. 102; DeGrove v. InsuranceCo., 61 id. 594; O. L.C.R.R. Co. v. V. C.R.R. Co.,
63 id. 176; Wilkinson v. Insurance Co., 72 id. 499; Baird v.Mayor, etc., 74 id. 382; Hilton v. Fonda, 86 id. 339;Steen v. Insurance Co., 89 id. 315; In re Cooper,
93 id. 507; Stedeker v. Bernard, id. 589.) If in an action not in its nature referable without the consent of the parties, they should agree upon a referee for the trial of the same, the court could not change the referee without their consent.
So it is not true that parties cannot enter into stipulations which in some sense will bind and control the action of the courts. They do not literally control the power of the courts except as such power is in all cases circumscribed by the necessity which obliges every court to apply the proper rules of law to the facts of every case, and to exercise its powers according to established principles. Here the agreement of the parties was a factor which the court was bound to recognize and to give proper weight and significance. Whatever in that agreement bound the parties, bound it, and it did not err in holding that *Page 454 
it could not, in violation of the agreement of the parties, appoint new commissioners.
The railroad company cannot claim the benefit of a part of the agreement, and repudiate the rest. If it desires to change the commissioners, it must in some way get rid of the entire agreement.
The order should be affirmed, with costs.
All concur.
Order affirmed.