### JOHNSON v. MONAHAN.

(Supreme Court, Appellate Term. . June 26, 1905.)

DISMISSAL—EFFECT—JURISDICTION TO RESTORE CAUSE—STIPULATION OF PAR-· TIES.

> Where the attorneys for the respective parties stipulated for the adjournment of the cause to a certain day, a dismissal of the cause on the nonappearance of the parties at the call of the calendar on a day before the day fixed by the stipulation did not deprive the court of jurisdiction, but it was proper for it to effectuate the stipulation, notwithstanding defendant's objection, by restoring the cause to the calendar and resetting it for trial.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by George F. Johnson against Helen F. Monahan.   From an order restoring the cause to the calendar after dismissal, and from a judgment by default in favor of plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

J. J. Karbry O'Kennedy, for appellant.
Bradbury & Lee, for respondent.

MacLEAN, J.   This cause being at issue in February, 1905, its trial was adjourned from time to time, by consent, to March 13th. Upon the 11th it was agreed that it be further adjourned to the 21st, and a stipulation signed by the respective attorneys to that effect was mailed the clerk of the court the day following—a Sunday.   On the 21st both parties attended with their attorneys.   Then it transpired that, the stipulation not having reached the clerk betimes, and no one appearing on the call of the calendar, the cause had been dismissed.   The stipulation was produced by the clerk, the cause was restored, and its trial set for the 27th; the defendant opposing, according to the order entered, but consenting according to the return.   On the 27th an inquest was taken, the defendant's attorney appearing only and specially to contend that jurisdiction had been lost by the dismissal.   That contention was not available

then and there, nor is it now and here. The learned justice did but, as he should, effectuate the stipulation. The agreement of the parties bound them and concluded the court in that proceeding, and the court was bound, as between the parties, to observe, enforce, and carry out the agreement. Matter of N. Y., L. & W. R. Co., 98 N. Y. 447, 452. Proof having been given upon the inquest sufficient to sustain the judgment, that judgment should be affirmed.

Judgment affirmed, with costs. All concur.