(68 Misc. Rep. 478.)
## In re BOARD OF ALDERMEN OF CITY OF BUFFALO.

(Supreme Court, Special Term, Erie County.   July 21, 1910.)

1. APPEAL AND ERROR (§ 104*)—DECISIONS REVIEWABLE.

Buffalo city charter provides that the chairman of any committee of either of the boards of the common council may issue subpœnas for witnesses to appear before the committee, and that if any witness shall refuse to testify the committee may report the matter to the board, which may report such witness to any court of record, which may make an order as to the appearance of the witness and punish any failure to comply as a contempt of court.  Judiciary Law (Consol. Laws, c. 30) § 750, provides that a court of record may punish for a contempt refusal of a witness to testify, and by section 751, when a contempt is not committed in the presence of the court, the party charged must be notified and be given time to make a defense.  *Held* that, where an order of the Supreme Court directed a person to appear and testify before a committee of the board of aldermen, he was not entitled to an appeal from the order.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 711; Dec. Dig. § 104.*]

2. CONSTITUTIONAL LAW (§ 43*)—WAIVER OF CONSTITUTIONAL PROVISION.

A person of full age and discretion can waive a statutory or even a constitutional provision in his own favor, affecting simply his property or alienable rights, and not involving considerations of public policy.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 41; Dec. Dig. § 43.*]

3. CONSTITUTIONAL LAW (§ 42*)—RIGHT TO RAISE QUESTION.

It is only when some person attempts to resist the operation of the act, and calls in the judicial power to pronounce it void as to him, his property, or his rights, that the objection of unconstitutionality can be presented and sustained.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 39, 40; Dec. Dig. § 42.*]

Judicial proceedings on the application of the Board of Aldermen of the City of Buffalo to require Fred G. Mitchell and others to appear and testify in a matter under investigation by the aldermen. Motion to vacate a stay pending an appeal from an order requiring respondents to appear and testify.  Motion granted.

Clark H. Hammond (William S. Rann, on the brief), for the motion.

Charles J. Staples, opposed.

WOODWARD, J.   Section 31 of the charter of the city of Buffalo provides that:

"The chairman of any committee of either of the boards composing the common council, shall have power to issue subpœnas for witnesses to appear, or to produce books and papers before the committee, to administer oaths to witnesses, and to examine them and such books and papers.  If any person duly subpœnaed as a witness should not appear, or, appearing, shall refuse to testify, or to produce such books and papers, the committee may report the failure of the witness to appear, or his refusal to testify, or to produce such books and papers to the board which appointed it.  The said board may thereupon report such offending witness to any court of record or judge thereof, and said court or judge may make an order as to the future appearance of

the witness, or the production of such books and papers, and punish any failure to comply therewith as a contempt of court."

The obvious meaning of this provision, which submits the matter of the conduct of the witness to a court of record, is that in effect the witness becomes a witness in a matter pending before a court of record, and subject to the jurisdiction of such court. Being subject to the jurisdiction of a court of record, he is brought within the protection of the laws governing such courts, and section 750 of the judiciary law (Consol. Laws, c. 30) provides that:

"A court of record has power to punish for a criminal contempt, a person guilty of either of the following acts, and no others: * * * (3) willful disobedience to his lawful mandate; * * * (5) contumacious and unlawful refusal to be sworn as a witness; or, after being sworn, to answer any legal or proper interrogatory."

Section 751 of the judiciary law provides the punishment for a contempt specified in section 750, and then provides that:

"Such a contempt, committed in the immediate view and presence of the court, may be punished summarily; when not so committed, the party charged must be notified of the accusation, and have a reasonable time to make a defense."

It will thus be seen that the statute specially provides for notice and an opportunity to defend, so that it is not open to the objection which was held to be fatal to section 856 of the Code of Civil Procedure in Matter of Grout, 105 App. Div. 98, 93 N. Y. Supp. 711, and a witness called, under the provisions of section 31 of the charter of the city of Buffalo, is, therefore, placed in substantially the same position that is occupied by a witness who is called to testify in a court of record anywhere in the state of New York, or before a referee. All of his constitutional rights are fully protected; he can be punished for contempt, in a matter not in the immediate presence of the court, only upon notice and an opportunity to defend, so that a witness duly subpœnaed to appear before a committee of the common council, and who refuses to answer, is simply turned over to a court of record, who makes a proper order in the premises, and then, if the witness disregards this order, he is punishable in the manner prescribed by the judiciary law, as above pointed out. He is in no other or different relation, because the matter is primarily before a committee of the common council, than he would be if the matter was immediately in the cognizance of the Supreme Court.

Speaking of the general duty of witnesses, Prof. Wigmore (Wigmore on Evidence, § 2192) says:

"For three hundred years it has now been recognized as a fundamental maxim that the public (in the words sanctioned by Lord Hardwicke) has a right to every man's evidence. We may start, in examining the various claims of exemption, with the primary assumption that there is a general duty to give what testimony one is capable of giving, and that any exemptions which may exist are distinctly exceptional and are so many derogations from a positive general rule. From the point of view of the duty here predicated, it emphasizes the sacrifice which is due from every member of the community. * * * This contribution is not to be regarded as a gratuity, or a courtesy, or an ill-requited favor. It is a duty not to be grudged or evaded. Whoever is impelled to evade or resent it should retire from the society of organized

and civilized communities, and become a hermit. He is not a 'desirable member of society. He who will live by society must let society live by him, when it requires to. · * * * From the point of view of society's right to our testimony, it is to be remembered that the demand comes, not from any one person or set of persons, but from the community as a whole—from justice as an institution, and from law and order as indispensable elements of civilized life."

There can be no doubt of the soundness of this view; every member of an organized society owes the duty of testifying to facts within his knowledge whenever the welfare of society and its public policy demands it, subject to a few exceptions not necessary to be considered here. He has no privileges merely as a witness; he is primarily obligated to society to tell the truth, and it is only in those special instances in which the lawmaking power has intervened to protect individual rights that a witness has a right to refuse to give testimony before any body authorized by law to hear such testimony in the transaction of public affairs or the determining of private justice. If we are right in this proposition, it follows that a witness, as such, has no right of appeal from an order of a court of record, made in due form of law, and which directs him to appear and testify. It is one of the duties and obligations of citizenship to so appear and testify when called upon in a lawful manner so to do; it is the consideration which he pays for the obligation assumed by other citizens to perform a like duty for him when the occasion requires, and no constitutional right is invaded by a statute which makes him subject to an order of a court of record to appear and testify in a proceeding before the common council of a city or other body charged with the performance of a public duty. If a witness appears and refuses generally to testify, he is simply arbitrarily refusing to perform the duties of good citizenship, and if the statute provides for his punishment, giving him an opportunity to be heard, he has all of the rights which the Constitution guarantees to any citizen, and he has no standing to appeal from the order which directs him to give testimony. If there is a move to commit him for contempt, he has a right to have notice and an opportunity to be heard; but a hearing would scarcely be of value to a man who should arbitrarily refuse to be sworn as a witness in a matter which was authorized by law.

The committee on investigation of the board of aldermen of the city of Buffalo, having been duly authorized to make an investigation of certain matters going to the efficiency and integrity of the public service of that city, undertook, under the provisions of section 31 of the charter of that city, to secure the testimony of Frederick G. Mitchell, Knowlton Mixer, Francis F. Baker, and William J. J. Kunzie. These men, acting under the advice of counsel, refused to testify before such committee. The matter was referred to the common council and by that body referred to one of the justices of the Supreme Court, and an order was duly issued directing these men to appear and testify. This order has, under advice of counsel, been appealed from, and one of the justices of this court has granted a stay of proceedings pending such appeal. We now have under consideration a motion to set aside this stay. Having reached the conclusion

that no substantial rights of the several persons involved in this appeal are affected by the order, and that it is their absolute and unqualified duty to appear and testify in the pending proceeding, we can see no ground for the appeal; it is not an appealable order. The order itself not being appealable, there is no foundation for a stay of proceedings, and the motion to set the stay aside should, therefore, be granted.

It is not necessary at this time to consider what rights a witness might have if called upon to testify under an unconstitutional statute, for it is clear that the charter of the city of Buffalo, in so far as it relates to the matters here under consideration, is not open to any valid constitutional objection, for the reason that the witness is protected by the provisions of the judiciary law against any purely arbitrary conviction for contempt. It would be strange, however, if it should be held that a witness, having no interest in a controversy, and no other rights than those of citizenship generally, could be allowed to question the constitutionality of the statute under which the action or proceeding was being maintained, for the rule is well settled that a person of full age and discretion can waive a statutory or even a constitutional provision in his own favor, affecting simply his property or alienable rights, and not involving considerations of public policy (Phyfe v. Eimer, 45 N. Y. 102, 104, and authorities there cited; Matter of Pet. of N. Y., L. & W. R. R. Co., 98 N. Y. 447, 453), and, if a mere witness could raise the question of the constitutionality of an act, it would place the litigants at his mercy and would defeat their rights in many instances The rule, as we find it, holds that it is only when some person attempts to resist the operation of the act, and calls in the judicial power to pronounce it void as to him, his property, or his rights, that the objection of unconstitutionality can be presented and sustained. People v. Brooklyn, F. & C. I. R. Co., 89 N. Y. 75, 93, and authorities there cited. However this may be, the case now before us does not violate any constitutional right, and the witnesses have no right of appeal from the order directing them to testify. If, upon the examination, improper questions should be asked, the witnesses are not obliged to answer them. They would have a right to. incur the penalty of a contempt proceeding and to appeal from an order committing them for contempt; but they cannot be permitted to interfere with the orderly conduct of public affairs by refusing to discharge the duties of citizenship and then appealing from an order which directs the discharge of such duty.

The motion is granted, without costs.