### GOLDSTEIN v. MASON SEAMON TRANSP. CO.

(Supreme Court, Appellate Term, First Department.   November 8, 1912.)

COURTS (§ 189*) — MUNICIPAL COURTS — DISMISSAL FOR NONAPPEARANCE—OPENING DEFAULT.

The dismissal, for nonappearance of the parties, of a cause which the parties had stipulated to adjourn, did not terminate the court's jurisdiction, and it could open the default and vacate the judgment of dismissal, and should have done so, where no good reason was shown in the affidavits opposing the motion for not opening the default.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, First Department.

Action by Morris Goldstein against the Mason Seamon Transportation Company. From an order denying a motion to vacate a judgment of dismissal and open plaintiff's default, he appeals. Reversed, and cause restored to the calendar.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Greenbaum & Rifkind, of New York City, for appellant.

Corbitt & Stern, of New York City (George Feinberg, of New York City, of counsel), for respondent.

PER CURIAM. After issue was joined in this action, and several adjournments were had, the attorneys for the respective parties entered into a written stipulation adjourning the case from March 20 until April 3, 1912. This stipulation was made on March 18th, two days before the day set for trial. On March 20th, neither

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

137 N.Y.S.—61

side appearing in court to answer the call of the calendar, the case was dismissed. The plaintiff thereafter moved upon notice to open his default and vacate the judgment of dismissal, which motion was denied.

The court below did not lose jurisdiction of the case by reason of the dismissal. Johnson v. Monahan, 47 Misc. Rep. 689, 94 N. Y. Supp. 351. No good reason was shown, in the affidavits opposing the motion to open the default, why the same should not have been granted, and the order must be reversed.

Order reversed, and cause restored to the calendar, with costs to the appellant to abide the event.