## SCHIMMEL v. MALLORY S. S. CO.

District Court, S. D. New York. November 24, 1928.

Davies, Auerbach & Cornell, of New York City (Murray C. Bernays, of New York City, of counsel), for plaintiff.

Burlingham, Veeder, Masten & Fearey, of New York City (Ray Rood Allen and Norman M. Barron, both of New York City, of counsel), for defendant.

MACK, Circuit Judge. Motion for judgment in favor of plaintiff upon the pleadings and stipulated facts.

Plaintiff delivered goods to a railroad in Texas, to be carried by rail to Galveston and thence by defendant's steamer to New York, under a through bill of lading. While the goods were en route, they were reconsigned to Yonkers and Schenectady via the New York Central Railroad. Upon arrival at defendant's pier in New York, the goods were placed upon defendant's lighter for transportation to the New York Central's receiving station further up the river, and while in the lighter were damaged by nonnegligent fire.

The lighterage was pursuant to a standing agreement between defendant and the New York Central, under which defendant lightered goods arriving at its pier and destined for transportation by the railroad, in consideration of payment to it by the railroad of part of the freight charge. Free lighterage by or on behalf of the railroad was a part of the latter's obligation to shippers of freight on its lines to or from New York.

The through bill of lading issued in Texas, while reserving to carriers by water in respect to their water carriage the statutory exemptions from liability for nonnegligent fire, defined the term "water carriage" as not including "lighterage in or across rivers, harbors, or lakes, when performed by or on behalf of rail carriers."

Defendant's liability depends upon the

interpretation of the phrase "on behalf of" in this clause. D'Utassy v. Mallory S. S. Co., 162 App. Div. 410, 147 N. Y. S. 313, is not in point, because the lighterage there was from and to a steamship; it could not be performed "by or on behalf of" a railroad.

Defendant, contending that the phrase "on behalf of" means "as agent of" the rail carrier, urges that if defendant was not acting as agent for the New York Central, but strictly as a principal performing a water carriage service, it came within the statutory exemption, while, if it was acting as such agent, then on general principles it could not be liable without negligence; the principal, the New York Central, alone would in that event be liable. It contends further that the result of this interpretation in exempting carriers like the Mallory Line in such circumstances from all liability for nonnegligent acts was the very purpose of the lighterage clause of the uniform bill of lading; it supports this contention by showing that the clause in question was suggested to the Interstate Commerce Commission by the water carriers themselves (64 I. C. C. 360, 364A). "On behalf of," however, does not necessarily or in this context even reasonably indicate agency. The lightering company, acting under and pursuant to its contract with the railroad upon which the duty of free lighterage in connection with its rail carriage was cast, may be and in my judgment was as to the owners of the goods not the railroad's agent, but an independent party. It was, however, as such water carrier performing a service that the railroad was bound either to perform or to have performed; in that sense it was acting "on behalf of" the rail carrier in respect to goods which the railroad as a common carrier was bound to accept for carriage, goods which, but for their destruction, it would have received and from which it would have profited through the freight charges.

There is nothing in the record of the Interstate Commerce Commission proceedings on the adoption of the uniform bill of lading to indicate that the lighterage clause was meant to deny relief to shippers whose goods are injured on lighters owned and operated by a steamship line authorized by a railroad to accept such goods for transportation to the railroad terminal, which transportation the railroad was obligated to furnish free to the shipper as part of the carriage to some further point on its line.

Motion for judgment for plaintiff granted.