In the Matter of the Application of GUISEPPI PIESCO and CARMELLA PIESCO, the Assured, under a Policy of Fire Insurance, Number 82815, with the BOSTON INSURANCE COMPANY, for an Order of This Court for the Appointment of an Umpire to Appraise under Said Policy the Fire Loss of Property Located in the Village of Piermont, Rockland County, New York, Which Occurred on or about February 26, 1937. BOSTON INSURANCE COMPANY, Appellant; GUISEPPI PIESCO

and CARMELLA PIESCO, Respondents.— The appellant, Boston Insurance Company, issued a policy to the owners of real property on which the petitioners had a mortgage. There was a fire loss during the term of the policy, on February 26, 1937. Due proofs of loss were filed and appraisers were appointed by each party, but these appraisers failed to agree on an umpire. The policy provided that if there was no agreement upon an umpire for fifteen days, " then, on request of the insured or this Company, such umpire shall be selected by a judge of a court of record in the State in which the property insured is located." Section 121, paragraph 10, of the Insurance Law, as amended, provides that in such case the application to appoint an umpire " shall be made to a judge of the Supreme Court residing in the county, or to a county judge of the county, in which the lost or damaged property is or was located, on five days notice " and " said judge shall, on proof by affidavit of the failure or neglect of the said appraisers to agree upon and select an umpire within the time provided in said policy, and of the service of notice aforesaid, forthwith appoint a competent and disinterested person to act as such umpire in the ascertainment of the amount of said loss or damage." The appointment is to be made, somewhat informally, by a judge, not by a court. The property upon which loss and damage occurred was located in Rockland county. The mortgagees, by an order to show cause, brought on the motion to appoint an umpire at a Special Term held in Dutchess county. The presiding justice was not a resident of Rockland county. An order was granted appointing an umpire in the town where the loss occurred, and no complaint is made as to his competency, fairness and impartiality. This appeal is based on the theory that the statute must control over the provisions of the policy. Without doubt that contention is correct, and the court should have declined jurisdiction if the question had been raised. It was not raised either by objection or by opposing affidavits, so far as this record discloses. Parties may by their stipulations and conduct waive their statutory rights. (*Matter of New York, L. & W. R. R. Co.*, 98 N. Y. 447, 453.) The mortgagees acted under the stipulation and agreement contained in the policy. The insurance company did not object on the hearing. It is too late to raise the question on this appeal. It seems rather obvious that the purpose of the insurance company is for further delay in making an appraisal or adjustment of this loss. Order affirmed, with ten dollars costs and disbursements. Hagarty, Carswell, Davis, Johnston and Adel, JJ., concur.