## Incompetent Dependents of Service Men

WOODWARD, Deputy Attorney General, December 27, 1944.—We have your request for advice concerning the authority of a superintendent of a State mental hospital over checks received from the Federal Government drawn to the order of the hospital in relation to the accounts of patients whose husbands are in military service.

In support of your request, you state that there are several mental patients at the Harrisburg State Hospital whose husbands are in the military service and who are receiving checks from the Federal Government for $50 per month; and that these checks are being drawn to the order of the Harrisburg State Hospital, account of the patient, and are being placed in the patient's cash fund.

You request to be advised as follows:

1. Does the superintendent have authority to determine the purpose for which this money is to be used and the priority of claimants?

2. If so, can the superintendent pay the patient's maintenance to the Department of Revenue?

3. Must he have an order from the patient for each withdrawal?

The right of dependents of certain enlisted men to a monthly family allowance is governed by the Servicemen's Dependents Allowance Act of June 23, 1942, c. 443, title I, sec. 101 et seq., 56 Stat. at L. 381, 37 U. S. C. §201 et seq.

Section 101 of said act, 37 U. S. C. §201, provides that the dependents of certain enlisted men shall be entitled to receive a monthly family allowance for any period during which such enlisted men are in the active military or naval service of the United States on or after June 1, 1942, during the existence of any war declared by Congress and the six months immediately following the termination of any such war.

Section 102 of said act, 37 U. S. C. §202, provides that the monthly family allowance payable to the de-

pendents of any such enlisted man shall consist of the Government's contribution to such allowance and the reduction in, or charge to the pay of, such enlisted man.

Section 109 of said act, 37 U. S. C. §209, provides for the payment of the family allowance, on behalf of the dependent, to a person designated by the enlisted man and is, in part, as follows:

"Any family allowance to which any dependent or dependents of any enlisted man is entitled under the provisions of this chapter shall be paid on behalf of such dependent or dependents to any person who may be designated by such enlisted man . . ."

From the foregoing provision of section 109 of the act, it is clear that the payment which is permitted to be made to a person designated by the enlisted man is paid on behalf of the dependent, without vesting any authority in the person designated to exercise any ownership or control over, or make any disbursement whatever, of the fund.

The words "on behalf of" do not indicate agency: Schimmel v. Mallory S. S. Co. (D. C. N. Y.), 30 F. (2d) 735, 736. Nor can the patient, in view of her incapacity, by any act of her own, constitute the hospital her agent for the disbursement of the fund. The commitment of a patient to a hospital for mental diseases is no adjudication of her lunacy: Ryman's Case, 139 Pa. Superior Ct. 212 (1939).

Nevertheless, the mere fact that she has been found by physicians and the court to be mentally ill, or in such condition as to be benefited by or need such care as is required by a person mentally ill, and, therefore, committed to a hospital for mental diseases, at least raises the presumption that she is incapable of using her customary self-control, judgment, and discretion in the conduct of her affairs.

Neither does section 109, supra, constitute the superintendent of the hospital a collection agency for such institution, a duty imposed upon the Department

of Revenue by section 509 of the Act of April 25, 1929, P. L. 700, amending The Mental Health Act of July 11, 1923, P. L. 998, 50 PS §150, which is, in part, as follows:

"All moneys due to the Commonwealth from the estate of a mental patient, or the persons liable under existing laws for such patient's support, for the care and maintenance, including clothing, of such patient in a mental hospital owned and operated by the Commonwealth, shall be collected by the Department of Revenue, as collection agency for such institution, and shall be promptly transmitted by the Department of Revenue to the State Treasurer . . ."

Section 115 of the act, 37 U. S. C. §215, provides against the assignability of family allowances and against liability to creditors, attachment, levy, or seizure, and is as follows:

"The monthly family allowances payable under the provisions of this chapter shall not be assignable; shall not be subject to the claims of creditors of any person to whom or on behalf of whom they are paid; and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever."

The foregoing provisions obviously preclude the application by the hospital of the family allowance to the liquidation of the claim of the hospital, as a creditor for the care and maintenance of the patient.

Section 119 of the act, as amended by the Act of October 26, 1943, 57 Stat. at L. 577, 37 U. S. C. §219, contains a prohibition against payment of any part of the family allowance to agents or attorneys and is, in part, as follows:

"Any person who shall, directly or indirectly, solicit, contract for, charge, or receive or shall attempt to solicit, contract for, charge, or receive any fee or compensation for assisting in any manner an enlisted man or dependent in obtaining a family allowance payable under this chapter, shall upon conviction thereof, be guilty of a misdemeanor. . . ."

We believe that the interests of all parties are best conserved by recourse to the provisions of the Act of May 28, 1907, P. L. 292, relating to guardians for the estates of feeble-minded persons, section 1 of which, 50 PS §941, is as follows:

"Whenever hereafter any person, being a resident of this State, shall become insane or feeble-minded or epileptic, or so mentally defective that he or she is unable to take care of his or her property, and in consequence thereof is liable to dissipate or lose the same, and to become the victim of designing persons, it shall be lawful for either the mother, father, brother, sister, husband, wife, child, next of kin, creditor, debtor, or, in the absence of such person or persons, or their inability, any other person, to present to the court of common pleas of the county in which said person to be cared for resides, his or her petition, under oath, setting forth the facts, praying the court to adjudge such person to be unable to take care of his or her property, and to appoint a guardian for the estate of such person."

This view is corroborated by the Office of Dependency Benefits of the War Department, which by letter dated June 23, 1943, advised the revenue agent of the hospital, inter alia, as follows:

"Funds received in payment of family allowances under the Servicemen's Dependents Allowance Act of 1942 are subject to two statutory restrictions under sections 115 and 119 of that act. The former provides for nonassignability and exemption from attachment and the latter prohibits payments therefrom of a fee to an agent or attorney for services rendered in connection with a payment of family allowance. Other than this, *the answer to your question appears to be determinable by the law of Pennsylvania controlling the handling of assets of non sui juris persons under supervision of a court of competent jurisdiction.*" (Italics supplied.)

200

We are of the opinion, therefore, and you are accordingly advised that:

1. The superintendent of a State mental hospital has no authority over checks received from the Federal Government drawn to the order of the hospital in relation to the accounts of patients whose husbands are in military service to determine the purposes for which such checks are to be used and the priority of claimants.

2. The interests of all parties are best conserved by following the usual procedure provided by the Act of May 28, 1907, P. L. 292, 50 PS §941, relating to guardians for the estates of feeble-minded persons.