In the Matter of the Claim of ALICE SKAKANDY et al., Appellants, against WRECKERS AND EXCAVATORS, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, July 7, 1948.

*Robert X. Kuzmier* for appellants.

*Nathaniel L. Goldstein, Attorney-General (Roy Wiedersum, Assistant Attorney-General,* of counsel), for Workmen's Compensation Board, respondent.

*Bernard Katzen* for State Insurance Fund, Carrier-Respondent, and Wreckers and Excavators, Inc., employer-respondent.

RUSSELL, J. This is an appeal taken by the widow and two minor children of the deceased employee, Joseph Skakandy, from a decision and an award, made by the Workmen's Compensation Board on May 14, 1946, pursuant to the provisions of the Workmen's Compensation Law. The board determined the amount of the excess recovery, resulting from a third party action, to which the said widow and children would be entitled under the Workmen's Compensation Law, as dependents, and granted an award therefor.

Joseph Skakandy, the deceased employee, suffered fatal injuries while engaged in the regular course of his employment, and while working for his employer, the Wreckers and Excavators, Inc. At the time of the accident he was engaged in demolishing and wrecking the railroad building at the former location of the New York World's Fair. His injuries resulted from a collapsed ceiling which fell upon decedent and from which injuries he died immediately. Decedent, Joseph Skakandy, died on December 4, 1940, and left him surviving a widow and two minor children who were the sole surviving next of kin and dependents of the deceased.

On December 9, 1940 and December 19, 1940, his widow on behalf of herself and the two minor children filed workmen's compensation claims. A hearing was held on March 11, 1941, before the Industrial Board (now the Workmen's Compensation Board) on these claims, which resulted in an award for death benefits to the widow and minor children.

Pursuant to the award the employer and insurance carrier were ordered to pay directly to the widow in a lump sum the accumulated death benefits to which the widow and the minor children were entitled, covering a period of sixteen weeks. The order also required the employer and carrier to pay to the widow the sum of $34.62 biweekly for the benefit of herself and two minor children. No objection was interposed to this award and the State Insurance Fund has complied with its terms.

It appears that the fatal injuries were caused by the wrongful act of a third party. Limited letters of administration

were issued to the widow by the Surrogate's Court of New York County for the prosecution of an action against the third party, but no action was instituted by the widow for the wrongful death within six months after the award of compensation and before the expiration of one year from the date that the cause of action accrued. (Workmen's Compensation Law, § 29.)

The cause of action for the wrongful death became assigned by operation of law to the State for the benefit of the State Insurance Fund. (Workmen's Compensation Law, § 29.) Under this assignment the Commissioners of the State Insurance Fund commenced an action against the third party and received a jury verdict in their favor in the sum of $50,604. This sum, in the event judgment were entered, would have carried with it interest from the date of death, which would have amounted to the total sum of $63,001.98. Prior to the entry of judgment, the State Insurance Fund, settled its action for the sum of $48,134, without the consent of the next of kin of the deceased.

Consideration must be given principally as to whether or not the excess recovery obtained by the verdict of a jury, should be distributed according to section 133 of the Decedent Estate Law, or by subdivision 2 of section 16 of the Workmen's Compensation Law. The other question to be determined is — did the State Insurance Fund have the legal right to settle such third party action for the sum of $48,134, without first obtaining the consent of the next of kin of the deceased? The excess recovery amounted to $17,998.82, after deductions, allowed by section 29 of the Workmen's Compensation Law, were made. The dependents were entitled to two thirds of the excess recovery, or $11,999.21, and the State Insurance Fund to one third.

The administratrix, appointed by the Surrogate's Court, having accepted compensation as a dependent for herself and for the minor children as dependents, and having failed to commence her third party action within the time specified by section 29 of the Workmen's Compensation Law, the State Insurance Fund became by assignment the plaintiff and by operation of statute possessed complete control and dominion over the third party action. As such assignee of the third party cause of action, the State Insurance Fund had the right to bring an action, or not to bring an action. Having instituted the action it also had the right to compromise. The validity of the assignment of the third party action for the benefit of the State Insurance Fund and the power to settle such cause of action is clearly set forth in subdivision 2 of section 29 of the Workmen's Compensation Law, which reads in part as follows: " If

such injured employee, or in case of death, his dependents, has taken compensation under this chapter but has failed to commence action against such other within the time limited therefor by subdivision one, such failure shall operate as an assignment of the cause of action against such other to the state for the benefit of the state insurance fund, if compensation be payable therefrom, and otherwise to the person, association, corporation, or insurance carrier liable for the payment of such compensation. If such fund, person, association, corporation or carrier, as such an assignee, recover from such other, either by judgment, settlement or otherwise, a sum in excess of the total amount of compensation awarded to such injured employee or his dependents and the expenses for medical treatment paid by it, together with the reasonable and necessary expenditures incurred in effecting such recovery, it shall forthwith pay to such injured employee or his dependents, as the case may be, two-thirds of such excess, and to the extent of two-thirds of any such excess such recovery shall be deemed for the benefit of such employee or his dependents. * * * "

It was held in *Zirpola* v. *Casselman, Inc.* (237 N. Y. 367, 375) as follows: " The statute thus construed will work out in practice the following results: If dependents, electing to assign, are the only next of kin, the entire beneficial interest in the cause of action against the wrongdoer will pass by their assignment to the carrier, who may sue or compromise at will." Reaffirmed in *Travelers Insurance Company* v. *Brass Goods Manufacturing Company* (239 N. Y. 273, 278).

Since the cause of action was transferred to the State by the operation of law, it became vested in the State as property of the State and not as property of the dependents. (*Travelers Ins. Co.* v. *Padula Co.*, 224 N. Y. 397, 405.)

In the instant case the next of kin and dependents are the same. The only beneficial interest which may be derived from the assignment of the third party action to the carrier, is that which results from an excess recovery, and that beneficial interest is conferred only upon dependents. The statute is barren as to any mention of next of kin. An examination of the act reveals that it was the legislative intent to grant to dependents additional compensation when there was an excess recovery procured through the assignment of the cause of action against the wrongdoer.

The very purpose of the Workmen's Compensation Law is " to secure to dependents the speedy, certain and adequate provision for their support." (*Travelers Ins. Co.* v. *Brass Goods*

*Mfg. Co.*, 239 N. Y. 273, 276, *supra.*) It afforded a means of protecting workmen and their dependents with an effective relief from want, when the employee was injured while engaged in hazardous employment. (*Matter of Post* v. *Burger & Gohlke,* 216 N. Y. 544, 553.)

The dependents having elected to accept compensation and having failed to bring a third party action within the time specified by the Workmen's Compensation Law are subject to the provisions of that statute. In calculating the percentage of distribution of the excess recovery for the widow and the two children, the board evidently made the award upon the same ratio of distribution as authorized by subdivision 2 of section 16 of the Workmen's Compensation Law.

We are of the opinion that the board properly held, in arriving at the method of distribution, that the excess recovery was compensation money pursuant to the Workmen's Compensation Law and not unbequeathed assets left in the hands of the plaintiff to be distributed according to the Decedent Estate Law.

The decision and award of the Workmen's Compensation Board should be affirmed, without costs to the board.

BREWSTER, FOSTER and DEYO, JJ., concur; HILL, P. J., dissents.

Decision and award of the Workmen's Compensation Board affirmed, without costs.