OPINION OF THE COURT
Arthur W. Lonschein, J.
This is a proceeding wherein an injured employee who had received workers’ compensation* benefits, seeks to set aside a settlement made by his compensation carrier with another carrier representing the parties allegedly responsible for his injuries.
Briefly stated, the facts are these:
*199 The claimant is a truck driver. In October, 1975, while on his job, he was struck by a vehicle owned and operated by certain individuals insured by Government Employees Insurance Company (Geico). Following the accident, this claimant received certain benefits under the Workers’ Compensation Law from the carrier of his employer, Hartford Insurance Group (Hartford). These workers’ compensation benefits totaled approximately $700, which included indemnification for a period of time lost from work and payment of medical bills running to a total of $277.75. The injuries sustained consisted of a fractured left leg which was put in a cast, which according to the report of a physician employed by Hartford, indicated an expected loss of 7ti% to that left leg. The claimant complains of a permanent limp, continuing severe pain and administration of drugs to kill the pain. According to the report, there was total disability to that leg for a time following the accident which gave rise to the injury.
In September, 1977 and November 9, 1977, Hartford communicated with the claimant by ordinary mail to the effect that the claimant may have a cause of action against the individuals responsible for his injuries and that he should notify Hartford whether he intends to retain an attorney to represent him to bring an action against those individuals. The claimant responded that he did not retain a lawyer because he lost the data concerning the other individuals and notified the company that if they cared to represent him, he would share evenly any money awarded to him. On November 17, 1977, Hartford wrote the claimant that they were not in a position to advise him as to whether he should retain an attorney, but did give him the information concerning the individuals who caused his injuries and who insured those individuals. They requested further in that letter, a final decision as to whether the claimant expects to retain an attorney.
In May of 1978, Hartford again wrote the claimant by ordinary mail to the effect that not receiving a reply from the claimant, they were assuming that the claimant had not and would not institute an action against the individuals who caused his injuries. They further notified the claimant in this letter that if they did not hear from the claimant within 30 days, they would commence a third-party action on their behalf against the persons responsible for his injuries to protect their lien. The claimant does not deny receiving these *200 letters, nor does Hartford deny their dispatch by ordinary mail.
In August of 1978, the claimant retained counsel to bring an action against individuals involved in the accident for recovery of damages because of his personal injuries. A few days after being retained, counsel for the claimant communicated with Hartford who informed him that the subrogation claim of Hartford was settled with Geico, the carrier for the individuals involved in the accident for the sum of $600, but that the settlement check was not yet received by Hartford, which fact counsel verified the following day by speaking to a representative of Geico.
This claimant now moves to set aside the settlement between Hartford and Geico on grounds that the settlement is null and void because of the lack of authority of Hartford to settle the claim in that the statutory provisions for the assignment of the claim were not complied with. In sum, the claimant alleges the nullity of the assignment because of Hartford’s failure to comply with two prerequisites of subdivision 2 of section 29 of the Workers’ Compensation Law which assigns the claim of the injured worker to the carrier paying workers’ compensation benefits in that Hartford (1) did not notify the claimant by personal service or registered mail which gives viability to the assignment of the injured worker’s claim and that (2) the notice itself did not contain the language required by the statute i.e., that the failure of the claimant to commence an action shall operate as an assignment of the cause of action to the carrier.
Hartford opposes the granting of the relief, arguing that the claim was assigned by operation of law and that it owned the claim and settled it for the amount as it chose to protect their lien. Hartford’s reason for the settlement for a comparatively small amount was to avoid the serious question as to whether the claimant was able to prove pursuant to the no-fault law, a monetary expenditure of $500 or in lieu thereof that he sustained a serious injury resulting in permanent loss of function of a vital organ or part of his body.
The law is clear that once the assignment of a cause of action occurs by operation of law, it vests in the assignee the absolute ownership of the action and the concomitant right to dispose of it at any stage of the proceedings for such sum as the assignee may deem proper and sufficient. (Taylor v New York Cent. R. R. Co., 294 NY 397; Skakandy v State of New *201 York, 274 App Div 153, 156, affd 298 NY 886.) It is, therefore, no issue in this case that Hartford settled the claim for less than what it was worth or settled it for an amount which left no surplus for the claimant. The only issue in this motion is whether Hartford complied with the requirements of the statute (Workers’ Compensation Law, § 29, subd 2) to effectuate a valid assignment.
I hold that there was no compliance with the statute and that perforce, there was no assignment. The statute (Workers’ Compensation Law, § 29, subd 2) specifically holds that the required notice to the injured employee be by personal service or registered mail. The claimant admits receiving certain letters from Hartford by ordinary mail and denies receipt thereof by personal service or registered mail. Hartford in effect argues that since there is no denial of receipt, it is immaterial how the claimant was served and thus there was substantial compliance with the statute. This particular statute permits workers injured in the course of their employment to bring lawsuits against third parties, who caused their injuries even if they receive workers’ compensation benefits. In order that the injured employee not lose his cause of action to the carrier which payed him the benefits, there must be strict compliance with the statute by the carrier who seeks assignment of the cause of action of the employee. The purpose of the statute is to protect not so much the carrier, but rather the employee who in this case is the claimant. All of the provisions of the Workers’ Compensation Law should be construed liberally to benefit the beneficiaries thereof — the employees. (Wolfe v Sibley, Lindsay & Curr Co., 36 NY2d 505, 508.) Therefore, one who relies on a statute which may divest a beneficiary of the statute of a right must strictly comply with that statute’s terms and conditions before the beneficiary is divested of that right.
The statute also requires that in order for the assignment to be valid, the assignee must within a certain period of time advise the employee the "failure to commence such action shall operate as an assignment of whatever cause of action may exist to such insurance carrier.” (Workers’ Compensation Law, § 29, subd 2.) Examining the letters sent to claimant by Hartford and assuming that they were delivered personally or by registered mail, there is a complete failure therein to comply with the mandate of the statute that the employee be notified that if he fails to bring the action within the time *202 allowed, the action becomes the property of the carrier that paid him the benefits. At best, the notifications were unclear, ambiguous and contained language not in conformance with the statute.
The clear legislative purpose of the notice was to insure that the employee knew that he was forfeiting and assigning his right to bring an action to recover for his injuries to another party. In order that the Legislature’s intent be carried out, the notice of such forfeiture or assignment must be clear and unambiguous. The claimant herein is a workman — a truck driver. He is not expected to know or be able to interpret the meaning of a document that even lawyers might disagree on.
The motion is granted.