■ WILLIAM HIGGINS, Respondent, v PRUDENTIAL GRACE LINES, INC., Appellant. — In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated July 27, 1981, which denied its motion for summary judgment dismissing plaintiff's complaint. Order reversed, on the law, with $50 costs and disbursements, and motion granted. Plaintiff, William Higgins, was employed as a security guard by John C. Mandel Security Bureau. On December 10, 1974, he was assigned as a port watchman aboard the vessel *S. S. Lash Pacifico,* owned by defendant Prudential Grace Lines, Inc. Prudential also operated a gangway leading from the vessel to the dock where it was berthed. Plaintiff fell and sustained personal injuries while walking down the gangway after completing his watch aboard the vessel. He alleged that the handrail gave way; Prudential claimed that plaintiff fell due to his own negligence. Plaintiff made a claim to the State Insurance Fund, his employer's New York State Workers' Compensation Law insurer and also the insurer under the Longshoremen's and Harbor Workers' Compensation Act (LHWCA). He first began to receive compensation payments on or about January 13, 1975. Higgins commenced this third-party action against Prudential on January 18, 1977. Issue was joined on June 8, 1977 with service of Prudential's answer. Prudential moved for summary judgment in April, 1981, on the basis

that plaintiff lacked standing to sue as a matter of law. Prudential contended that as more than six months had passed between the date plaintiff first began to receive compensation payments and when he commenced the action, the action was time barred pursuant to section 933 (subd [b]) of title 33 of the United States Code, which provides as follows: "Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner or Board shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award." Plaintiff opposed the motion on two grounds. First, he stated that he had elected to receive compensation payments pursuant to the Workers' Compensation Law of the State of New York so that the assignment provision of the LHWCA was inapplicable, additionally noting that the Federal Government and the States have concurrent jurisdiction with respect to land-based injuries which fall within the coverage of the LHWCA. He contended that the governing statute was subdivision 2 of section 29 of the Workers' Compensation Law. Second, plaintiff claimed that the State Insurance Fund had ratified his act of commencing this action and that the Federal courts had recognized such ratification. Special Term denied the motion. On this appeal, plaintiff reiterates his contention that he filed his claim pursuant to the New York Workers' Compensation Law. He contends that there has been no allegation or evidence that the State Insurance Fund sent to him the notice required pursuant to subdivision 2 of section 29 of that law and that it was in fact not sent. He therefore maintains that there has been no assignment of his cause of action and that he has standing to sue. (See *Matter of Matzner,* 96 Misc 2d 198.) We note, however, the directive in subdivision 1 of section 29 of the Workers' Compensation Law, that a third-party action (such as this) must be commenced within one year from the date such action accrued. As plaintiff did not commence his action within the time permitted by the statute, the action must be dismissed. It no longer exists for plaintiff either to pursue or to assign to the State Insurance Fund pursuant to subdivision 2 of section 29 of the Workers' Compensation Law. Gulotta, J. P., O'Connor, Thompson and Brown, JJ., concur.