(November 8, 1982)

■ WILLIAM HIGGINS, Respondent, v PRUDENTIAL GRACE LINES, INC., Appellant. — Motion by plaintiff for reargument of an appeal from an order of the Supreme Court, Kings County, dated July 27, 1981, that was determined by an order of this court, dated June 21, 1982, wherein we granted defendant's motion for summary judgment dismissing the complaint. Motion for reargument granted, without costs or disbursements. Plaintiff contends that this court erred in construing subdivisions 1 and 2 of section 29 of the Workers' Compensation Law to provide a short Statute of Limitations for actions by persons who are receiving or have received benefits under that law. It has now been brought to our attention that the time limitations contained in subdivision 1 of section 29, rather than creating a short Statute of Limitations, serve only "to implement the provisions of subdivision 2, which fix the conditions under which [the] taking [of] compensation shall operate as an assignment of the cause [to the compensation carrier]" (*Grossman v Consolidated Edison Co. of N. Y.*, 294 NY 39, 44). Moreover, we note that on this record a question of fact exists as to whether plaintiff was receiving compensation benefits from the State Insurance Fund pursuant to the Federal Longshoremen's and Harbor Workers' Compensation Act (US Code, tit 33, § 901 *et seq.*) or pursuant to the New York State Workers' Compensation Law, there being concurrent jurisdic-

tion over a land-based injury such as the one at bar (see *Sun Ship v Pennsylvania,* 447 US 715, reh den 448 US 916). This threshold issue must be resolved before any determination can be made as to the other issues in the case. Accordingly, Special Term was correct in denying defendant's motion for summary judgment. Therefore, upon reargument, the decision and order of this court in the above-entitled action, both dated June 21, 1982 [88 AD2d 970] are recalled and vacated, and the following decision is substituted therefor: "In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated July 27, 1981, which denied its motion for summary judgment dismissing plaintiff's complaint. Order affirmed, with $50 costs and disbursements. Plaintiff, William Higgins, was employed as a security guard by John C. Mandel Security Bureau. On December 10, 1974, he was assigned as a port watchman aboard the vessel 'SS Lash Pacifico', owned by defendant, Prudential Grace Lines, Inc. Prudential also operated a gangway leading from the vessel to the dock where it was berthed. Plaintiff fell and sustained personal injuries while walking down the gangway after completing his watch aboard the vessel. He alleged that the handrail gave way; Prudential claimed that plaintiff fell due to his own negligence. Plaintiff made a claim to the State Insurance Fund, his employer's New York State Workers' Compensation Law insurer and also the insurer under the Longshoremen's and Harbor Workers' Compensation Act. He first began to receive compensation payments on or about January 13, 1975. Higgins commenced this third-party action against Prudential on January 18, 1977. Issue was joined on June 8, 1977 with the service of Prudential's answer. Prudential moved for summary judgment in April, 1981, on the basis that plaintiff lacked standing to sue as a matter of law. Prudential contended that as more than six months had passed between the date plaintiff first began to receive compensation payments and when he commenced the action, the action was time barred pursuant to title 33 (§ 933, subd [b]) of the United States Code, which provides as follows: 'Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner or Board shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award.' Plaintiff opposed the motion, *inter alia,* on the ground that he had elected to receive compensation payments pursuant to the New York State Workers' Compensation Law, there being concurrent State and Federal jurisdiction with respect to land-based injuries such as the one at bar. (See *Sun Ship, Inc. v Pennsylvania,* 447 US 715, reh den 448 US 916.) The issue of which statutory scheme governs the action raises a question of fact that cannot be resolved on the present record. Resolution of this issue is necessary before a determination can be made as to the other issues in the case. Accordingly, Special Term was correct in denying defendant's motion for summary judgment." Gulotta, J. P., O'Connor, Thompson and Brown, JJ., concur.