OPINION OF THE COURT
Lorraine S. Miller, J.
Defendant Eastman Kodak Company (Eastman) moves pursuant to CPLR 3211 (a) (3), (5) and/or (7) seeking to dismiss the complaint.
*65 Factual Background
Plaintiff Joseph Sclafani (Sclafani) sustained personal injuries on October 18, 2000, while working as an electrician for E.J. Electric, at a construction site located at 685 Third Avenue, New York, New York (the premises). He was injured when an employee of Contractor’s Sheet Metal, the duct work subcontractor on the job site, was operating a material hoist that was lifting an air duct to be placed in the ceiling. The employee was improperly moving the hoist while it was fully extended, which caused the hoist to become unbalanced and fall over. As it fell, it hit an overhead lighting cable which was strung across the ceiling, causing the cable to fall. Sclafani, who was working as an electrician on the premises at the time of the incident, was walking below carrying a ladder on his shoulder. The falling cable hit the ladder and caused the plaintiff’s shoulder to twist backward, resulting in a torn rotator cuff. Sclafani required surgery and allegedly has been totally disabled from employment since the date of the incident.
The plaintiffs commenced a related personal injury lawsuit against numerous parties, which is currently pending in the Supreme Court of the State of New York, index No. 110253/99. The instant action was commenced on January 4, 2001, against Eastman, the alleged tenant of the premises where Sclafani was injured.
Discussion
Eastman moves to dismiss the complaint against it on the grounds that under Workers’ Compensation Law § 29 (1) and (2) plaintiffs lack the necessary standing to maintain an action against Eastman, because by operation of law their rights have been assigned. Workers’ Compensation Law § 29 (1) provides in relevant part:
“If an employee entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured employee * * * need not elect whether to take compensation and medical benefits under this chapter or to pursue his remedy against such other but may take such compensation and medical benefits and at any time either prior thereto or within six months after the awarding of compensation or within nine months after the enactment of a law or laws creating, establishing or affording a new or additional remedy or remedies, pursue his *66 remedy against such other subject to the provisions of this chapter.”
Workers’ Compensation Law § 29 (2) provides in relevant part:
“If such injured employee * * * has taken compensation under this chapter but has failed to commence action against such other within the time limited therefor by subdivision one, such failure shall operate as an assignment of the cause of action against such other to the state for the benefit of the state insurance fund * * * Except as hereinafter provided, the failure of the injured employee or his dependents to commence an action pursuant to the provisions of subdivision one of this section, shall not operate as an assignment of the cause of action provided herein, unless the insurance carrier shall have notified the claimant in writing by personal service or by certified or registered mail, return receipt requested, at least thirty days prior to the expiration of the time limited for the commencement of an action by subdivision one, that such failure to commence such action shall operate as an assignment of whatever cause of action may exist to such insurance carrier” (emphasis added).
Eastman alleges that Workers’ Compensation Law § 29 (1) and (2) operate to divest the injured employee of his right to maintain a cause of action against another party if the injured employee accepts workers’ compensation benefits and does not commence an action within six months from that time, or one year from the date of the injury. Eastman claims that the cause of action is automatically assigned to the provider of the workers’ compensation benefits if the plaintiff fails to commence an action against such other party within the specified time. (Taylor v New York Cent. R. R. Co., 294 NY 397 [1945].) Under this analysis, since Sclafani was injured in October 1998, began to collect workers’ compensation benefits no later than February 1999, and did not commence the current action until January 2001, the provided time period would have elapsed, and by operation of law plaintiffs would have assigned their interests. (See, Taylor, supra; see also Skakandy v Wreckers & Excavators, 274 App Div 220 [3d Dept 1948].)
However, the cases Eastman relies on for this proposition do not take into consideration the 1951 amendment to section 29 (2) of the Workers’ Compensation Law (L 1951, ch 527) and the case law that follows the amendment, which emphasizes that *67 the injured employee must receive notice as a prerequisite for assignment of his interests. (Treadway v Agricultural Ins. Co., 1999 US Dist LEXIS 13128, 1999 WL 649056 [SD NY 1999]; see also American Mut. Liab. Ins. Co. v Niagara Mohawk Power Corp., 28 AD2d 1199 [3d Dept 1967].) Additionally, the post-1951 cases that Eastman relies on are distinguishable from the facts set forth herein. Specifically, Eastman relies on Juba v General Bldrs. Supply Corp. (7 NY2d 48 [1959]) to stand for the proposition that section 29 (2) acts to shorten the time an injured employee can bring a cause of action and acts as an automatic assignment when an award of compensation has been made. However, the Court in that case reads into the statute their own exception to an automatic assignment of the employee’s cause of action because, “[i]f [the Court] were to follow the strictest logic and the usual meaning of the words * * * that would bring a most unreasonable and probably legislatively unintended result.” (Juba, supra at 52.) In the instant action, by requiring that the injured employee receive notice, this Court does not need to read anything into the statute that is not already there; the statute provides that “the failure of the injured employee * * * to commence an action pursuant to the provisions of subdivision one of this section, shall not operate as an assignment of the cause of action as provided herein, unless the insurance carrier shall have notified the claimant in writing.” (Workers’ Compensation Law §29 [2].)
While there are no recent First or Second Department cases dealing with this issue, the majority of post-1951 cases that address the requirements of section 29 (2) read the provision as requiring that notice be sent to the employee explaining that failure to commence an action within the specified time will act as an assignment of his cause of action. “The clear legislative purpose of the notice [provision of Section 29(2) is] to insure that the employee knows that he [is] forfeiting and assigning his right to bring an action for recovery for his injuries to another party.” (Treadway, supra, 1999 US Dist LEXIS, *7, 1999 WL, *3, quoting Matter of Matzner, 96 Misc 2d 198 [1978]). Additionally, “[i]n order that the Legislature’s intent be carried out, the notice of such forfeiture or assignment must be clear and unambiguous.” (Matter of Matzner, supra at 202.)
Section 29 (2) specifically states that the failure of an injured employee to commence an action within the allotted time “shall not operate as an assignment of the cause of action * * * un *68 less the insurance carrier shall have notified the claimant.” (Workers’ Compensation Law § 29 [2]; see also Olker v Salomone, 202 Misc 1041 [1952]; American Mut. Liab. Ins. Co., supra.) The assignment of a right to bring a cause of action is a drastic measure and the statute requires at a minimum that the injured employee is first notified before his rights are divested. In order for the employee’s rights to be assigned to the insurance carrier or other such person, the injured worker must first be notified “by personal service or registered mail which gives viability to the assignment of the injured worker’s claim and * * * [the notice must also state] that the failure of the claimant to commence an action shall operate as an assignment of the cause of action to the carrier.” (Matter of Matzner, supra at 200.)
In the instant action there is no indication that the employee was ever notified that he was forfeiting his rights to bring an action against this defendant by not commencing suit within the one-year period specified in the statute. The Workers’ Compensation Law is for the benefit of the injured employee, and therefore should be liberally construed to benefit the employee. One who seeks to use a statute, such as Workers’ Compensation Law § 29, which can divest an employee of his right to bring a cause of action, must strictly comply with the terms and conditions of the statute before the employee is divested of his rights (see Matter of Matzner, supra). Here, the requirements of section 29 have not been met. Sclafani has not been notified that his failure to commence an action within the specified time will act as an assignment of his interests, and therefore his rights under the statute should not be eliminated.
Section 29 of the Workers’ Compensation Law does not force an injured employee to choose between taking compensation or pursuing a cause of action against another negligent party by suit. The employee may take the compensation from his employer or his employer’s insurer and nonetheless bring an action against the additional party. (Taylor, supra; see also Juba, supra at 51-52.) Although the statute prescribes a time limit for which the employee may bring an action, “[s]ection 29 of the [Workers’] Compensation Law was not intended to shorten the three-year limitation for actions arising out of negligence contained in the Civil Practice Act. Among other things, that section was intended to define who, within that three-year period, should be entitled to bring the negligence action against the third party.” (Grossman v Consolidated Edi *69 son Co., 268 App Div 875, 876, affd 294 NY 39 [1945].)* Workers’ Compensation Law is not a statute of limitations as the defendants contend, but rather “the time limitations contained in subdivision 1 of section 29, rather than creating a short Statute of Limitations, serve only to implement the provisions of subdivision 2, which fix the conditions under which [the] taking [of] compensation shall operate as an assignment of the cause [to the compensation carrier]” (Higgins v Prudential Grace Lines, 90 AD2d 779 [2d Dept 1982]; see also Grossman, supra at 44).
In the instant action Eastman attempts to divest an injured employee of his right to sue by claiming that Workers’ Compensation Law § 29 creates a statute of limitations which by operation of law would assign his rights. However, the statute was enacted to protect injured workers and requires, at a minimum, that the employee be notified that his failure to commence an action within the one-year period will act to divest him of his right to sue. Therefore, since Sclafani was not notified in accordance with the statute, his right to sue Eastman has not been assigned.
Accordingly, it is hereby ordered that the defendant’s motion to dismiss is denied.

 Athough this is a 1945 case, under CPLR 214 the statute of limitations for actions arising out of negligence is still three years.