Desmond, J.
The appeal by plaintiff in this personal injury negligence action is from a judgment on the pleadings dismissing the complaint on the ground that plaintiff is not the real party in interest. The question of law is this: when an injured workman has filed a claim for workmen’s compensation and an award has been made to him but remains unpaid because his employer is uninsured and insolvent, does section 29 of the Workmen’s Compensation Law operate to deprive the injured man of his cause of action against a third party for causing the injury, when the injured man has brought suit within three years after the accident (Civ. Prac. Act, § 49) but not within one year after the accident (Workmen’s Compensation Law, § 29)?
*51 Plaintiff alleges that in 1949, while working for one Rossman, he was injured through the negligence of a “ third party ’ defendant-respondent General Builders Supply Corp. He brought this action within the general three-year statutory limitation for personal injury negligence actions (Civ. Prac. Act, § 49). However, his complaint has been dismissed in both courts below on the ground that, since he elected to take workmen’s compensation as against Rossman but failed to bring this present third-party action against General within a year after his accident, the cause of action (under Workmen’s Compensation Law, § 29) passed by automatic assignment to his employer Rossman. Plaintiff points out, however, that, although he elected to take compensation and although a compensation award was made to him (in 1950), he never received any workmen’s compensation (as is admitted) because his employer was not insured and was insolvent. The employer never attempted to bring the third-party suit.
The view taken below was that section 29 absolutely mandates under all circumstances that, if an injured employee has elected to take compensation and especially if an award has been made to him, he automatically loses ownership of any third-party claim at the expiration of the time limited in section 29. Plaintiff, on the contrary, argues from reason and justice that section 29 should not be applied unless there has been not only an election to take compensation and an award, but actual payment thereof. It has been suggested that plaintiff, when he found that his compensation award was uncollectible, should have, or could have, Avithdrawn the compensation claim. HoAvever, no effort has ever been made to withdraw the claim and plaintiff’s counsel disclaims any such theory. There seems to be nothing in the Workmen’s Compensation LaAv about AvithdraAval of a claim or renunciation of an award.
The parties are in agreement that the appeal presents a laAv question of first impression in the courts.
As we all know, the Workmen’s Compensation Law originally forced an injured workman to an election bctAveen a compensation claim and a third-party suit, if any. Later, section 29 was amended to let him pursue both remedies, proAÚded he brought his third-party action not later than six months after the aAvarding of compensation and not more than one year after the *52 accrual of the third-party suit. The-statute in its modern form provides that if the third-party suit be not brought within these limited times it passes by assignment to the employer or compensation insurance carrier and further that, if the latter collects anything on the third-party suit, adjustment is to be made between the injured employee and the employer or carrier. One of the difficulties is that in the second sentence of the first paragraph of section 29 we find the language: 1 ‘ take or intend to take compensation ” and “ not later than six months after the awarding of compensation ’ ’ which language, if taken literally, would mean (as applied to the second paragraph of section 29) that once the employee has filed a claim, or at least after he has had an award, he loses absolutely his right to bring a third-party action if he does not bring it within the shortened time. (We eliminate, as irrelevant here, certain 1951 amendments as to notice, now in the second subdivision of section 29).
In that second paragraph of section 29 there is the provision that, if the third-party action be not brought within these limited times, there shall be an assignment of the cause of action to the employer or carrier 1 ‘ If such injured employee * * * has taken compensation The general and usual meaning of this is (Taylor v. New York Cent. R. R. Co., 294 N. Y. 397; Skakandy v. State of New York, 298 N. Y. 886) that the shortened time as to the employee bringing suit and the automatic assignment of the chose become' operative when and because an award has been made. If we were to follow strictest logic and the usual meaning of words we might have to hold that these consequences do not depend on whether or not compensation has actually been paid. However, that would bring a most unreasonable and probably legislatively unintended result. It would provide an unexpected and unreasonable benefit to the third-party defendant because as to him the three-year time limitation for bringing the third-party suit would be reduced to one year although the injured employee had never received any workmen’s compensation at all (see Grossman v. Consolidated Edison Co., 294 N. Y. 39). Also, application of the literal meaning of the language above quoted from section 29 would produce the result that an uninsured and insolvent employer like Ttossman would acquire a third-party action by assignment although *53 he had never paid any workmen’s compensation and although he had committed a crime in failing to carry workmen’s compensation insurance. If the uninsured and nonpaying employer collected on such an assigned third-party claim he would have in hand money to which he would have no right whatever and he could keep one third thereof for himself (Workmen’s Compensation Law, § 29, subd. 2). This is all so awkward, unnatural and unreal that, so we are convinced, the Legislature could not have intended it. We, therefore, reverse on the ground that a reasonable construction of section 29 forbids an automatic assignment where there has been no payment of compensation. We come to that conclusion not by mere dictum or distortion of apparent statutory meaning but by following settled rules of ascertaining legislative intent by considering the whole statute (People v. Dethloff, 283 N. Y. 309, 315) and its obvious purpose and by reading it in such a way as to avoid manifest injustice and unintended effects (Matter of New York Post Corp. v. Leibowits, 2 N Y 2d 677, 685, and cases cited).
The plaintiff tries to get some benefit from an attempted reassignment of the claim to him .by the employer but we do not accept this as a ground for decision, since a personal injury action is not assignable except by specific statutory authority (Personal Property Law, § 41, subd. 1, par. [1]; General Acc. Fire & Life Assur. Gorp. v. Zerbe Constr. Corp., 269 N. Y. 227).
Although the question is not really before us, we, for consistency, state our view that, although the workmen’s compensation award is still of record, plaintiff has renounced and voided that award by asserting here his ownership of the third-party suit.
The judgment appealed from should be reversed and the motion for judgment on the pleadings denied, with costs in all courts.