(June 23, 1986)

ALTON P. BARRY, Respondent-Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. GEORGE E. MOSS, Nonparty Appellant-Respondent; ERNEST H. FIDELLOW, Nonparty Respondent-Appellant.—In an action to recover damages for personal injuries, the plaintiff's attorney George E. Moss appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated September 11, 1985, as denied his motion to compel the plaintiff to execute a draft settlement of the action, and the plaintiff and plaintiff's purported assignee cross-appeal from so much of the same order as denied their cross motion to vacate the settlement.

Order modified, by deleting the provision thereof which denied the cross motion insofar as it was made by the plaintiff. As so modified, order affirmed, without costs or disbursements, and matter remitted to the Supreme Court, Queens County, for a hearing with respect to the validity of the settlement.

On May 3, 1985, at Trial Term, Part 1, in the absence of the plaintiff, this case was marked settled for the sum of $25,000, subject to the plaintiff's approval. This settlement was not placed on the record. Thereafter, the plaintiff allegedly executed a general release and other settlement papers, and a check in the sum of $25,000 made payable jointly to plaintiff and counsel was received. The plaintiff has declined to indorse the settlement draft, has attempted to assign his personal

injury cause of action to one Ernest H. Fidellow, and asserts that he did not consent to the settlement.

Counsel for the plaintiff maintains that the plaintiff consented to the settlement and signed a general release, affidavit of no assistance and letter of acceptance of the settlement offer. The plaintiff contends that he never agreed to settle the case for $25,000 and was misled into signing any documents. These indispensable documents have not been included in the record, however, and under the circumstances of this case, a hearing should be held on the issues of (1) whether the plaintiff consented to this settlement, and (2) the validity of the general release executed by the plaintiff (see, Hallock v State of New York, 64 NY2d 224; Pimpinello v Swift & Co., 253 NY 159; Rivera v Triple M. Roofing Corp., 116 AD2d 561).

We note that an assignment is included in the record, executed prior to the alleged settlement, which purports to assign to the plaintiff's assignee "all right, title and interest" to the plaintiff's claim and to "prosecute such claim" and receive any proceeds of such claim. Such an assignment is void as a matter of law (see, General Obligations Law § 13-101). The purported assignment of the plaintiff's personal injury claim is null and void, and his purported assignee cannot participate in any manner in the prosecution of this action. Niehoff, J. P., Rubin, Kunzeman and Spatt, JJ., concur.