■ SANDRA L. CALHOUN et al., Appellants, v JOHN R. KRUCZ-KIEWICZ et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Daronco, J.), entered August 8, 1985, as granted the defendants' motion to dismiss the complaint.

Ordered that the order is affirmed, insofar as appealed from, with costs.

On November 13, 1983, the infant plaintiff was struck by a motorcycle owned by the defendant Mitch Kruczkiewicz and operated by the defendant John Kruczkiewicz. The motorcycle was uninsured.

The infant plaintiff's mother settled the negligence action with the Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC; see, Insurance Law § 5213) for $10,000, the maximum amount permitted by statute (Insurance Law § 5210 [a] [1]). Thereafter, the infant plaintiff's mother executed, on behalf of her daughter, a general release and an assignment by which all of the infant plaintiff's right, title and interest in her claim for damages for personal injuries was assigned to MVAIC (Insurance Law § 5213 [b]). The settlement with MVAIC of the infant's claim was approved by the court (CPLR 1207). MVAIC obtained a confession of judgment from the defendants pursuant to which the defendants agreed to a schedule of payments.

Following the settlement with MVAIC, the instant action was commenced. A claim for damages for the infant's personal injuries sustained in the motorcycle accident and a derivative claim on behalf of the infant plaintiff's mother were asserted therein. In lieu of answering, the defendants made a motion to dismiss the complaint claiming that the previously executed release and assignment precluded any further action by the plaintiffs. Special Term granted the motion to dismiss. We affirm.

The plaintiffs essentially conceded in their moving papers submitted in opposition to the motion to dismiss that an infant's compromise order was obtained and, therefore, that the settlement of the infant's claim was proper (CPLR 1207). The Insurance Law gives MVAIC the power to settle and pay claims asserted against financially irresponsible motorists (Insurance Law § 5213). Prior to payment of the settlement, the

claimant must assign his claim to MVAIC (Insurance Law § 5213 [b]). Upon such assignment, MVAIC becomes subrogated to the rights of the claimant against the financially irresponsible motorist (Insurance Law § 5213 [b]; *Ackerman v MVAIC,* 18 AD2d 307). These provisions of the Insurance Law create an exception to General Obligations Law § 13-101, which prohibits transfers of causes of action to recover damages for personal injuries. Accordingly, since the settlement of the infant plaintiff's claim was properly approved by the court as required by statute (CPLR 1207), the assignment to MVAIC operated as a complete transfer of any personal injury claim of the infant plaintiff arising out of the motorcycle accident *(cf., Liberty Mut. Fire Ins. Co. v Perricone,* 54 AD2d 975).

Nor did the court err in also dismissing the mother's claim for loss of services of the infant. The assignment to MVAIC, signed by the mother, stated: "For value received, I hereby assign, transfer and set over unto the Motor Vehicle Accident Indemnification Corporation * * * a claim for personal injuries *or loss of services* sustained by me" (emphasis added). The italicized language makes clear that the assignment also served to transfer to MVAIC the mother's derivative claim *(cf., Santangelo v City of New York,* 66 AD2d 880; *Kotary v Spencer Speedway,* 47 AD2d 127, 129). Thompson, J. P., Niehoff, Weinstein, Kunzeman and Spatt, JJ., concur.