George BERNSTEIN, acting for and on Behalf of the COMMISSIONER OF BANKING AND INSURANCE OF THE STATE OF VERMONT as Receiver for the purpose of rehabilitation of Ambassador Insurance Company, assignee of William Grant, Plaintiff,

v.

The GREATER NEW YORK MUTUAL INSURANCE COMPANY, Defendant.

No. 85 Civ. 9062 (MBM).

United States District Court, S.D. New York.

Feb. 27, 1989.

Leigh R. Isaacs, Kroll & Tract, New York City, for plaintiff.

Harold M. Foster, (Edward B. Safran, on Brief), New York City, for defendant.

## MEMORANDUM AND ORDER

MUKASEY, District Judge.

Defendant Greater New York Mutual Insurance Company (GNY), a New York Corporation with its principal place of business in New York, moves for summary judgment dismissing the diversity action of plaintiff George Bernstein, acting for and on behalf of the Commissioner of Banking and Insurance of the State of Vermont as Receiver for the purpose of rehabilitation of Ambassador Insurance Company (Ambassador), a Vermont corporation with its principal place of business in Vermont, assignee of William Grant, a New Jersey domiciliary. Fed.R.Civ.P. 56(b). Bernstein moves for sanctions, asserting that GNY's motion is frivolous. Fed.R.Civ.P. 11. For the reasons given below, defendant's motion is granted and plaintiff's motion is denied.

On April 24, 1979, Grant was injured in New York City, allegedly by a truck owned by Interstate Dress Carriers, Inc. (Dress Carriers). Grant was left paralyzed, and has incurred medical expenses of over $200,000.00. Grant applied for reimbursement of his medical and hospital expenses from Dress Carriers' primary insurer, GNY, pursuant to New York's No–Fault Insurance Law. The Comprehensive Motor Vehicle Insurance Reparations Act, *codified at* N.Y.Ins.Law §§ 5101–08 (McKinney 1985 & Supp.1989). Reimbursement of these expenses is called payment of "first party benefits." N.Y.Ins.Law § 5102(b) (McKinney 1985). GNY denied Grant's claim for first party benefits, asserting that there was no proof that a Dress Carriers truck had hit him. On February 18, 1981, Grant sued Dress Carriers in New Jersey Superior Court for damages arising out of the accident. GNY tendered its $25,000–per–accident policy limit into court, and turned over the defense of its action to Ambassador, Dress Carriers' excess insurer. Ambassador settled the action for close to 50 cents on the dollar, or $102,-012.69, and received in return an assignment from Grant of "any and all rights, claims or causes of action" Grant had against GNY.

In August 1983, Ambassador submitted to arbitration Grant's claim for first party benefits to arbitration, pursuant to a New York law that provides for arbitration of claims between insurers. N.Y.Ins.Law § 5105 (1985). On October 7, 1985, the arbitrator granted GNY's oral motion to dismiss the arbitration for lack of subject matter jurisdiction. On November 18, 1985, this action began. In his complaint, Bernstein, acting on behalf of Ambassador's receiver, alleges that GNY did not pay Grant $50,000 in first party benefits, as the New York No–Fault Law requires it to do. Bernstein seeks to recover that money from GNY, plus interest and attorneys' fees.

GNY moves for summary judgment alleging, among other things, that Ambassador has no standing to prosecute Grant's claim. In response, Bernstein moves for sanctions, asserting that the motion is frivolous.

Bernstein asserts that the assignability of Grant's claim is governed by the New York General Obligations Law. That statute provides in relevant part that "[a]ny claim can be transferred, except in one of the following cases: (1) Where it is to recover damages for personal injury." N.Y.Gen.Oblig.Law § 13–101 (McKinney 1978). Therefore, unless another statute specifically authorizes the assignment of a personal injury action, in New York, personal injury actions are not assignable. *Juba v. General Builders Supply Corp.*, 7 N.Y.2d 48, 53, 194 N.Y.S.2d 503, 506, 163 N.E.2d 328, 331 (1959) (citing predecessor statute); *Calhoun v. Kruczkiewicz*, 129 A.D.2d 546, 514 N.Y.S.2d 40 (App.Div.2d Dep't 1987) (Motor Vehicle Accident Indemnification Corporation, a state created organization, is exempt from the prohibition on assigning personal injury claims); *M.W. Zack Metal Co. v. International Navigation Corp. of Monrovia*, 112 A.D.2d 865, 493 N.Y.S.2d 145 (App.Div. 1st Dep't 1985), *aff'd*, 67 N.Y.2d 892, 501 N.Y.S.2d 803, 492 N.E.2d 1219 (1986), *see First Fed. Sav. & Loan Assoc. of Pittsburgh v. Oppenheim, Appel, Dixon & Co.*, 629 F.Supp. 427, 447 (S.D.N.Y.1986). In contrast, assigning the

proceeds of a personal injury action is permissible if it occurs prior to the settlement or adjudication of a claim. *Miller v. Liberty Mut. Fire Ins. Co.,* 29 A.D.2d 982, 289 N.Y.S.2d 726 (App.Div.2d Dep't 1968); *Grossman v. Schlosser,* 19 A.D.2d 893, 244 N.Y.S.2d 749 (App.Div.2d Dep't 1963). In addition, an insurer who pays its insured's claim for damages receives by subrogation the rights of his insured to recover for personal injuries, and therefore does not come within the purview of the General Obligation Law's prohibition. *Liberty Mut. Ins. Co. v. Perricone,* 54 A.D.2d 975, 388 N.Y.S.2d 670 (App.Div.2d Dep't 1976).

■ Applying these principles to this case, Ambassador was assigned all of Grant's claim against GNY, including Grant's right to recover for first party benefits, which are defined by statute as "payments to reimburse a person for basic economic loss on account of *personal injury* arising out of the use or operation of a motor vehicle . . .," minus certain monetary adjustments. N.Y.Ins.Law § 5102(b) (1985) (emphasis added). Therefore, Ambassador was assigned Grant's right to recover for personal injuries, not merely the proceeds of any recovery that Grant might receive. Under New York law, that assignment is void, and does not give Ambassador standing to recover on Grant's claim. *McCormack v. Bloomfield S.S. Co.,* 399 F.Supp. 488 (S.D.N.Y.1974); *Barry v. New York City Transit Auth.,* 121 A.D.2d 586, 503 N.Y.S.2d 634 (App.Div.2d Dep't 1986).

■ Moreover, there is no specific statutory authority that gives Ambassador the right to sue to recover for Grant's personal injuries. Under New York's No–Fault Law and the regulations promulgated thereunder, Grant's first party benefits may be paid to him, his guardian, employer, or a person legally obligated to provide him with necessities. N.Y.Ins.Law § 5103(a)(1), (a)(4), (d) (McKinney 1985); N.Y.Comp. Codes R. & Regs. tit. 11, § 65.15(i) (1988). Ambassador is not Grant's employer, and is not legally obligated to provide necessities to him. Therefore, it cannot take advantage of these provisions in New York law allowing persons other than Grant the right to recover for his personal injuries.

Moreover, although the No–Fault Law gives insurance companies limited rights to recover first party benefits from uninsured drivers, that remedy does not allow Ambassador to sue GNY. N.Y.Ins.Law § 5104(b) (McKinney 1985); *see Safeco Ins. Co. of Am. v. Jamaica Water Supply Co,* 83 A.D. 2d 427, 444 N.Y.S.2d 925 (App.Div.2d Dep't 1981) (explaining the operation of § 5104(b)), *aff'd,* 57 N.Y.2d 994, 457 N.Y.S. 2d 245, 443 N.E.2d 493 (1982).

■ Finally, Ambassador does not receive its right to Grant's first party benefits by subrogation. In an effort to curb litigation, the No–Fault Law does not create a right of indemnification or subrogation in an insurer who pays a claimant's first party benefits. *Country Wide Ins. Co. v. Osathanugrah,* 94 A.D.2d 513, 465 N.Y.S.2d 26 (App.Div. 1st Dep't 1983), *aff'd,* 62 N.Y.2d 815, 477 N.Y.S.2d 623, 466 N.E.2d 163 (1984). Moreover, Ambassador obviously is not a branch of the United States government, which, by federal statute is "subrogated to any right or claim that (an) injured" soldier. 42 U.S.C. § 2651(a) (1982). *United States v. Government Employees Ins. Co.,* 605 F.2d 669 (2d Cir.1979) (*GEICO*).

Bernstein argues that *GEICO* gives Ambassador the right to pursue Grant's claim without a legal assignment because, like the government in *GEICO*, Ambassador paid for the victim's medical treatment. On the surface, *GEICO* is similar to this case because in both cases, a party without a legal assignment seeks reimbursement for the personal injury of a third party. However, there are crucial distinctions between *GEICO* and the present case. The policies that *GEICO* is trying to protect are the twin policies of "prompt and full reimbursement" of accident victims, and reducing the strain on the state courts of excessive insurance litigation. 605 F.2d at 671 (citing cases). In *GEICO*, the government provided the medical services to an injured marine free of charge, and then tried to seek reimbursement of some of that expenditure in court. *GEICO* implicitly analogizes the relationship between the government and the injured marine to the relationship of husband and wife. 605 F.2d at 671 (discussing *Barker v. Scott,* 81 Misc.

2d 414, 416, 365 N.Y.S.2d 756, 758–59 (Sup. Ct.1975). Regardless of how appropriate an analogy that is, the point is that the government was in a much closer relationship with the injured marine than Ambassador was with Grant. As a result of that relationship, the government absorbed the entire medical expense of the marine's injury, while here, Ambassador paid about 50 cents on the dollar. New York law recognizes the distinction between the relationship of an employer to an injured employee and the relationship of other non-family members to the accident victim by allowing the employer to receive directly the victim's first party benefits. N.Y.Comp.Codes R. & Regs. tit. 11, § 65.15(i) (1988). Therefore, as understood in *GEICO*, the policy of full medical reimbursement is not advanced by giving Ambassador the right to recover for Grant's personal injuries.

As to the policy of curbing litigation, which was also considered in *GEICO*, if the federal government had not been allowed to recover under the No–Fault Law, it could have recovered under federal statute. 605 F.2d at 671–72 & n. 5. Therefore, denying the federal government the right to sue could not advance New York's interest in curbing insurance litigation; such litigation would have resulted in any event. In contrast, Ambassador could not benefit from any such statute. Therefore, although the policy of curbing litigation could not be served in *GEICO*, is can be served here.

Ambassador does not have standing to bring this action against GNY because it cannot secure by assignment Grant's right to sue GNY for first party benefits, and does not stand in a close enough relationship to Grant to proceed without an assignment. Accordingly, GNY's motion for summary judgment dismissing the complaint is granted. As an ancillary matter, GNY's motion for summary judgment is not frivolous, and therefore Bernstein's motion for sanctions is denied.

SO ORDERED.