■ Jose Sierra, Appellant, v Antonio Garcia, Respondent. —Order of the Supreme Court, New York County (William Davis, J.), entered on August 24, 1989, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for an order imposing a constructive trust, unanimously modified, on the law, to the extent of denying defendant's motion for summary judgment and reinstating the complaint, and striking the first affirmative defense, and otherwise affirmed, without costs.

The complaint alleges that the defendant agreed to pay the plaintiff one half of any recovery he obtained from his landlord in return for plaintiff's assistance in prosecuting his claim. The record discloses that plaintiff allegedly accompa-

nied defendant to numerous agencies, and provided encouragement and nonlegal services in furtherance of defendant's prosecution of his claim. The record further discloses that defendant agreed to share his proceeds in front of witnesses, but no writing reflects the agreement. Ultimately defendant obtained a net settlement of $190,000.

The motion court granted summary judgment, holding that the contract was unenforceable. The court relied on General Obligations Law § 13-101 (1), which proscribes transfer of "[a]ny claim or demand * * * to recover damages for a personal injury". *(See, Barry v New York City Tr. Auth.,* 121 AD2d 586.)

We disagree with the motion court's conclusion that General Obligations Law § 13-101 bars the alleged agreement in issue. Here, the alleged agreement is to share the proceeds; neither the demand nor the claim is transferred.

We agree with the motion court's determination that the equitable remedy of a constructive trust is unavailable inasmuch as there has been no transfer of property to defendant in reliance upon a fiduciary relationship. *(See, Sharp v Kosmalski,* 40 NY2d 119, 121; *Matter of Wells,* 36 AD2d 471, 474, *affd* 29 NY2d 931.)

Defendant's claim that the complaint fails to state a cause of action for quantum meruit was not raised below and is thus not reviewable. The motion court's invocation of General Obligations Law § 5-701 (a) (10) appears inapposite because the complaint alleges a loan of money not services rendered in negotiating a loan.

The motion court erred in disposing of this action by summary judgment. The complaint alleges an executed oral agreement to perform nonprofessional services in return for a share of any proceeds. Factual issues, including issues of credibility and whether the services allegedly performed were rendered gratuitously or for compensation, require a trial. Concur—Murphy, P. J., Carro, Rosenberger and Smith, JJ.