■ In the Matter of COMMERCIAL BANK OF INFORMATICS AND COMPUTING TECHNIQUE DEVELOPMENT BANK INFORMTECHNIKA, Appellant, v VLADIMIR Y. OSTASHKO, Respondent-Appellant, and TANYA OSTASHKO, Respondent. (Proceeding No. 1.) In the Matter of TANYA OSTASHKO, Respondent, v VLADIMIR Y. OSTASHKO et al., Appellants. (Proceeding No. 2.) [715 NYS2d 414] —In related proceedings, *inter alia,* to determine adverse claims to real property, Commercial Bank of Informatics and Computing Technique Development Bank Informtechnika appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Ponterio, J.), dated August 31, 1999, as, in effect, dismissed its petition to vacate a notice of pendency filed by Tanya Ostashko with respect to the real property in controversy, subject to renewal upon application of Zuritta-Teks, Inc., the real party in interest. Vladimir Yakovlevich Ostashko separately appeals, as limited by his brief, from so much of the same order as granted Tanya Ostashko's application for a preliminary injunction, in effect precluding execution of a consent judgment entered into between Vladimir Yakovlevich Ostashko and Commercial Bank of Informatics and Computing Development Bank Informtechnika against, *inter alia,* the property in controversy, without requiring her to post an undertaking.

Ordered that the appeal by Vladimir Yakovlevich Ostashko is dismissed (*see,* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by Commercial Bank of Informatics and Computing Development Bank Informtechnika; and it is further,

Ordered that Tanya Ostashko is awarded one bill of costs.

The instant proceedings arose as a result of an acrimonious pending matrimonial action between Vladimir Yakovlevich Ostashko and Tanya Ostashko. Pursuant to a pendente lite order dated December 21, 1998, Tanya was awarded temporary exclusive use and occupancy of the parties' home on Staten Island, which the parties spent nearly $1,000,000 to purchase

and renovate. In what Tanya credibly alleges to have been a collusive transaction, Vladimir obtained, and then quickly defaulted on, an unsecured loan of approximately $900,000 from the appellant Commercial Bank of Informatics and Computing Technique Development Bank Informtechnika (hereinafter the Bank) in Russia, which is only one of numerous businesses in Russia in which Vladimir allegedly either has or had an interest. Notwithstanding that Vladimir was then allegedly living in Russia and possessed significant assets, the Bank commenced an action against Vladimir in the Supreme Court, New York County, to recover, in rubles, the amount of the Russian loan. After Vladimir waived numerous apparently viable affirmative defenses, he and the Bank entered into a stipulation of settlement and a consent judgment that included, as a condition, the sale of the former marital residence occupied by Tanya. The Bank commenced the first proceeding herein, *inter alia*, to vacate the notice of pendency filed by Tanya, which effectively precludes any sale of the former marital residence. Tanya commenced the second proceeding pursuant to CPLR 5239, in effect, to resolve the Bank's claims to the property.

In the course of these proceedings, the Bank revealed that it had assigned its interests in the judgment against Vladimir to an entity called Zuritta-Teks, Ltd. The assignment was filed July 9, 1999. Counsel for the Bank purportedly also represents Zuritta-Teks and conceded that "Zuritta-Teks is * * * the real party in interest". Nevertheless, Zuritta-Teks was not substituted for the Bank as a party in either proceeding.

The peculiar circumstances of this case support Tanya's assertions and suggest that Vladimir has been attempting to manipulate the judicial process to thwart her right to exclusive occupancy of the marital residence as determined in the matrimonial action. Therefore, the Supreme Court did not improvidently exercise its discretion in declining to permit the Bank to continue its proceeding to vacate the lis pendens after it was divested of all relevant legal interest in the subject property. The assignment operated as a complete transfer of any legitimate claim to be pursued by the Bank, thus precluding further action by the Bank with regard thereto (*see, Calhoun v Kruczkiewicz,* 129 AD2d 546; *see also, Carvel v Arcadipane,* 242 AD2d 314). While the Supreme Court had the discretionary authority to direct that Zuritta-Teks be joined in the proceeding (*see,* CPLR 1018), the Supreme Court providently exercised its discretion to dismiss the proceeding in light of the highly questionable circumstances herein (*see, Good Old Days Tavern*

*v Zwirn,* 259 AD2d 300). Zuritta-Teks may thus seek whatever relief it deems warranted in its own proceeding. In light of the foregoing, we need not reach the Bank's remaining claims.

The only argument advanced by Vladimir on his appeal is that the Supreme Court erred insofar as it awarded Tanya a preliminary injunction without requiring her to post an undertaking. However, Vladimir had no right to enter into a consent judgment with the Bank which was conditioned upon the sale of the marital residence then occupied by Tanya pursuant to the pendente lite order. In any event, Vladimir is not aggrieved by the absence of an undertaking in connection with a preliminary injunction that prevents the Bank or Zuritta-Teks from executing against the former marital home. Thus, his appeal is dismissed (*see,* CPLR 5511). Joy, J. P., S. Miller, Luciano and Smith, JJ., concur.