OPINION OF THE COURT
George J. Silver, J.
In this action to recover for personal injuries allegedly sustained in a motor vehicle accident, defendants Ricardo Canas, Penske Truck Leasing Co., Limited Partnership, Penske Truck Leasing Corporation and Vitamin Shoppe Industries Inc. (the Canas defendants) move pursuant to CPLR 3211 for an order dismissing the complaint of plaintiffs Jose Saca, also known as Jose Sacaabrego, and Patricia Saca (plaintiffs) on res judicata, judicial estoppel, General Obligations Law § 13-101 and statute of limitations grounds. In the alternative, defendants move to amend the caption to reflect the party they claim is the proper plaintiff and the real party in interest to this litigation, Zurich North American Insurance Company (Zurich) and to amend their answer to include the affirmative defense of setoff under General Obligations Law § 15-108. Plaintiffs cross-move pursuant to CPLR 2104 for an order declaring a written stipulation dated November 7, 2007 between the parties to be a valid and enforceable agreement and restoring the matter to the Part 40 trial ready calendar within 30 days of the date of this order.
In a prior underinsured motorist arbitration (UIM arbitration) on December 19, 2007 in New Jersey, plaintiffs were awarded a total of $1,000,000. The arbitration award, dated *400 December 24, 2007, declared that codefendant Albert Erskine (Erskine) was 100% liable for the underlying motor vehicle accident. In moving to dismiss the instant action, the Canas defendants argue that plaintiffs were given a full and fair opportunity at the UIM arbitration to litigate and establish some degree of liability on the part of the Canas defendants and failed to do so. The Canas defendants argue that Zurich, as the carrier defending the underinsured motorist claim, also had a full opportunity at the UIM arbitration to litigate the matter and show that the accident was due to the fault of the Canas defendants and not the underinsured driver, Erskine, and likewise failed to do so. The Canas defendants contend that the UIM arbitration award should be given full faith and credit by this court under the doctrine of res judicata and that plaintiffs should not be given a “second bite at the apple” in this forum.
The Canas defendants also argue that the doctrine of judicial estoppel bars the instant action because plaintiffs are adopting a position herein that is contrary to the position they assumed in the UIM arbitration. The Canas defendants argue that plaintiffs are making a mockery of the search for the truth by claiming in this action that the Canas defendants are responsible for the accident after successfully claiming in the UIM arbitration that the accident was entirely Erskine’s fault.
Next, the Canas defendants contend that plaintiffs assignment of his personal injury claim to Zurich after the UIM arbitration runs afoul of General Obligations Law § 13-101 (1) because the release and trust agreement entered into between plaintiffs and Zurich assigns to Zurich plaintiff Jose Saca’s personal injury claim. The Canas defendants also argue that to the extent Zurich is attempting to pursue plaintiffs’ claims as a subrogee, Zurich, as a substitute plaintiff, never commenced its own action and is therefore time-barred by the applicable three-year statute of limitations period.
Finally, the Canas defendants argue that if the instant action is not dismissed, at the very least the caption should be amended to reflect Zurich’s position as the true plaintiff. The Canas defendants claim that the jury that hears this case is entitled to know that Zurich, not an individual, is the real party in interest because, pursuant to the release and trust agreement, it will be Zurich that will recover if an award of damages is made against the Canas defendants. The Canas defendants also move to amend their answer to assert a set-off defense in the amount of $1,000,000, the amount previously recovered by plaintiffs in the UIM arbitration.
*401 In support of their cross motion and in opposition to the Canas defendants’ motion, plaintiffs argue that the doctrines of res judicata and judicial estoppel cannot be applied to this matter because counsel for the Canas defendants drafted and signed a stipulation dated November 7, 2007 which states that “the findings and award of the New Jersey UIM arbitration will not be binding on any parties in the New York litigation.” The stipulation further provides that “no testimony used at the arbitration may be used at the trial in New York.” Plaintiffs contend that the Canas defendants are attempting to repudiate this stipulation, which the court notes was not mentioned anywhere in the Canas defendants’ moving papers, because the arbitration award placed no liability on the Canas defendants for the underlying accident. Plaintiffs argue that the stipulation was an arm’s length transaction between experienced counsel, both of whom were well acquainted with the applicable law of each jurisdiction and the legal effect of executing a stipulation in a civil litigation.
In opposition to the cross motion and in further support of their motion, the Canas defendants argue that the doctrines of res judicata and judicial estoppel cannot be waived by stipulation. The Canas defendants also contend that plaintiffs and Zurich had a full and fair opportunity to litigate their claims in the UIM arbitration but voluntarily chose not to do so. More importantly, the Canas defendants contend that the stipulation was the product of misrepresentations by plaintiffs’ counsel that the UIM arbitration would dispose of the instant litigation. The Canas defendants claim that the unmistakable purpose and design of the stipulation was for plaintiffs to avoid the risk, burden and expense of going forward with the instant action by proceeding with the UIM arbitration and its relaxed rules of procedure and evidence. Thus, the Canas defendants contend that they should be relieved of the terms of the stipulation. Finally, the Canas defendants reiterate their argument that the release and trust agreement entered into by plaintiffs with Zurich is an impermissible assignment of plaintiff Jose Saca’s personal injury claim, that the caption of this action should be amended to reflect Zurich’s status as the real party in interest and that they should be permitted to amend their answer to assert the set-off defense under General Obligations Law § 15-108 because, regardless of whether it was in the form of an arbitration award or a settlement, a payment of $1,000,000 was made to plaintiffs on behalf of Erskine due to his negligence. The *402 Canas defendants also contend that restoring the matter to the trial calendar is inappropriate because discovery is still outstanding.
Discussion
Whenever the enforceability of a stipulation among parties in a civil case is put in issue, a court must begin its analysis with the recognition that the Court of Appeals has long favored and encouraged the fashioning of stipulations as a means of expediting and simplifying the resolution of disputes. (Salesian Socy. v Village of Ellenville, 41 NY2d 521, 525-526 [1977].) The Court of Appeals has repeatedly held that, unless public policy is affronted, parties to a civil dispute are free to chart their own litigation course (T. W. Oil v Consolidated Edison Co. of N.Y., 57 NY2d 574, 579-580 [1982]; Rector, Church Wardens & Vestrymen of St. Bartholomew’s Church in City of N.Y. v Committee to Preserve St. Bartholomew’s Church, 56 NY2d 71, 76 [1982]; Martin v City of Cohoes, 37 NY2d 162, 165 [1975]). Stipulations affront public policy when judicial enforcement of such agreements would constitute the approval of a transaction which is inherently vicious, wicked or immoral, and shocking to the prevailing moral sense (1420 Concourse Corp. v Cruz, 135 AD2d 371 [1st Dept 1987]). Parties “may fashion the basis upon which a particular controversy will be resolved” (Cullen v Naples, 31 NY2d 818, 820 [1972]) and in doing so “[t]hey may stipulate away statutory, and even constitutional rights” (Matter of New York, Lackawanna & W. R.R. Co., 98 NY 447, 453 [1885]).
Under the doctrine of collateral estoppel, issues of law and questions of fact necessarily decided by a court of competent jurisdiction or an arbitrator remain binding upon the parties and those in privity with them in all subsequent litigation in which the same issues are material (Ginezra Assoc. LLC v Ifantopoulos, 70 AD3d 427 [1st Dept 2010]). To determine whether collateral estoppel applies, a two-part test must be satisfied. “First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination” (Kaufman v Eli Lilly & Co., 65 NY2d 449, 455 [1985]). Here, it is apparent that the issues decided in the UIM arbitration, the apportionment of fault and calculation of plaintiffs’ damages, are identical to the issues that are to be resolved in this litigation. The question, then, is whether plaintiffs had a full and fair opportunity to litigate their claims in the UIM *403 arbitration. Plaintiffs claim that they had no reason to fully litigate their claims against the Canas defendants at the UIM arbitration because any findings against the Canas defendants would not be binding pursuant to the terms of the stipulation. “[W]here the party against whom collateral estoppel is asserted claims that he was not afforded a full and fair opportunity in the prior administrative proceeding to contest the decision now said to be controlling, he must be allowed to do so” (Ryan v New York Tel. Co., 62 NY2d 494, 501 [1984]). To determine whether the first action or proceeding genuinely provided a full and fair opportunity the court must consider the “ ‘ “realities of the [prior] litigation,” including the context and other circumstances which . . . may have had the practical effect of discouraging or deterring a party from fully litigating the determination which is now asserted against him’ ” (id., quoting People v Plevy, 52 NY2d 58, 65 [1980]). The specific factors to be considered include the nature of the forum and the importance of the claim in the prior litigation, the incentive and initiative to litigate and the actual extent of litigation, the competence and expertise of counsel, the availability of new evidence, the differences in the applicable law and the foreseeability of future litigation (Gilberg v Barbieri, 53 NY2d 285, 292 [1981]; Schwartz v Public Adm’r of County of Bronx, 24 NY2d 65, 72, [1969]). An issue is not litigated if, for example, there has been a default confession of liability, a failure to place a matter in issue by proper pleading or even because of a stipulation (Kaufman v Eli Lilly & Co., 65 NY2d 449 [1985]). Since the stipulation expressly made the outcome of the UIM arbitration nonbinding on this action, the stipulation discouraged plaintiffs from fully litigating their claims against all defendants and encouraged them to focus their efforts on establishing Erskine as the sole proximate cause of the underlying accident. In this, plaintiffs were successful. Moreover, even if one were to assume that the UIM arbitration provided plaintiffs with a full opportunity to litigate all of their claims, plaintiffs and the Canas defendants, through an arm’s length agreement negotiated by savvy counsel and not the product of fraud or mistake, stipulated the UIM arbitration would not have any res judicata effect on this action. “Parties by their stipulations may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce” (Matter of New York, Lackawanna & W. R.R. Co., 98 NY 447, 453 [1885]). The parties herein are bound by their stipulation and the court is bound to enforce it.
*404 The doctrine of judicial estoppel or the doctrine of inconsistent positions bars a party who took a certain position in a prior legal proceeding, and who secured a favorable judgment, from assuming a contrary position in a different action simply by reason of a change in interests (Stop & Shop Supermarket Co. v Vorrtado Realty Trust, 35 AD3d 241 [1st Dept 2006]). The doctrine is intended to prevent abuses of the judicial system by which a party obtains relief by maintaining one position, and later, in a different action, maintains a contrary position (D & L Holdings v Goldman Co., 287 AD2d 65 [1st Dept 2001]). Though plaintiffs argue that they did not assert at the UIM arbitration that only Erskine was negligent in causing the underlying motor vehicle accident, plaintiffs also readily admit that they chose to introduce and not introduce certain evidence and to advocate and not advocate certain legal positions at the UIM arbitration in direct reliance on the stipulation. While it appears obvious that plaintiffs will adopt a position in this action that is inconsistent with the position they apparently adopted in the UIM arbitration, the Canas defendants sanctioned such conduct when they drafted the stipulation. As they did with the collateral estoppel doctrine, the parties made the doctrine of judicial estoppel inapplicable to this action. In so doing they did not enter into an agreement that is so inherently vicious, wicked or immoral or shocking to the prevailing moral sense so as to make it an affront to the public policy considerations incorporated in the judicial estoppel doctrine.
General Obligations Law § 13-101 (1) provides that any claim or demand can be transferred except where it is a claim to recover damages for a personal injury. The Canas defendants contend that the release and trust agreement, in which plaintiffs agreed to assign to Zurich “all rights, actions and causes that [they] may have to file against any person or organization legally responsible for causing the injury or death on account of which said payment is made” is not merely an assignment of the proceeds of plaintiffs’ personal injury claim but rather an actual transfer of the claim itself. Plaintiffs argue that the release and trust and recovery agreements merely assign to Zurich the right to recover the first $1,000,000 of any settlement or judgment obtained by plaintiffs in this action. Specifically, plaintiffs cite the language in the release and trust agreement in which plaintiffs agreed that Zurich was “entitled to recover up to one million ($1,000,000) dollars in any claim against any person or organization legally responsible for causing the injury death on *405 account of which said payment is made, as reimbursement for the uninsured/underinsured motorist benefits paid” to plaintiffs. Plaintiffs also cite the portion of the release and trust agreement in which they retained the right to retain “his/her/their own counsel to pursue any recovery against any person or organization legally responsible for causing the injury or death or account of which said payment is made in excess of one million ($1,000,000) dollars, which amount is due and owing to” Zurich. Since an agreement to share proceeds wherein neither the demand nor the claim is transferred does not run afoul of General Obligations Law § 13-101 (1) (Sierra v Garcia, 168 AD2d 277 [1st Dept 1990]), the release and trust agreement and the recovery agreement do not violate General Obligations Law § 15-108.
Dismissal of this action is also inappropriate on statute of limitations grounds because this action is not a subrogation action, Zurich is not a party to this action and plaintiffs timely commenced this action by filing their summons and complaint within three years after the underlying motor vehicle accident. Thus, amendment of the caption to reflect Zurich as subrogee of plaintiffs is also inappropriate.
That portion of the Canas defendants’ motion that seeks leave to amend their answer to assert the affirmative defense under General Obligations Law § 15-108 is also denied. General Obligations Law § 15-108 “reduces a nonsettling tortfeasor’s liability to the injured party by the greater of the amount of consideration the settling tortfeasor paid for its release or, alternatively, the amount of the settling tortfeasor’s equitable share of the damages under CPLR article 14” (Chase Manhattan Bank v Akin, Gump, Strauss, Hauer & Feld, 309 AD2d 173, 174 [1st Dept 2003]). Since there has been no settlement between plaintiffs and Erskine, this section is inapplicable to the instant action.
Plaintiffs’ cross motion is granted to the extent that the November 7, 2007 stipulation meets the requirements of CPLR 2104 and is enforceable. However, as there is currently a motion to renew and/or reargue currently pending before another justice of this court, that branch of plaintiffs’ cross motion seeking to restore the action to the trial calendar is denied with leave to renew following a decision on the motion to renew and/or reargue. Accordingly, it is hereby ordered that defendants Ricardo Canas, Penske Truck Leasing Co., Limited Partnership, Penske Truck Leasing Corporation and Vitamin Shoppe *406 Industries Inc.’s motion to dismiss is denied in its entirety; and it is further ordered that plaintiffs’ cross motion is granted to the extent that the November 7, 2007 stipulation is enforceable under CPLR 2104. Plaintiffs’ cross motion to restore the action to the trial calendar is denied with leave to renew following a decision on the motion to renew and/or reargue; and it is further ordered that defendants are to serve a copy of this order with notice of entry upon all parties within 30 days.