■ YAEL HIRSH, Respondent, v MICHAEL STERN, Appellant. [920 NYS2d 783]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Sher, J.), dated March 18, 2010, as granted the plaintiff's motion for leave to reargue her opposition to that branch of his prior motion which was for a determination that the marriage was null and void, which had been granted in a prior order dated December 21, 2009, and, upon reargument, denied that branch of his motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties participated as bride and groom in a religious wedding ceremony in Cedarhurst on December 21, 2000. In 2009, shortly after the plaintiff commenced this action, inter alia, for a divorce and ancillary relief, the defendant moved for certain relief, including a determination that the marriage was null and void on the ground that the parties never intended to be married, but had participated in the wedding ceremony solely to deceive the members of their community who disapproved of their nonmarital relationship. The Supreme Court initially granted that branch of the defendant's motion which sought a determination that the marriage was null and void determining

that the plaintiff had not rebutted the defendant's allegations as to their intent not to be married. The Court also determined that it could not otherwise determine the validity of the marriage under neutral principles of law, as to do so would require it to inquire into religious doctrine and make "strictly a religious determination" (*see Madireddy v Madireddy*, 66 AD3d 647 [2009]). The plaintiff moved for leave to reargue and, in the order appealed from, the Supreme Court granted the plaintiff's motion and, upon reargument, denied that branch of the defendant's motion which sought a determination that the marriage was null and void. We affirm the order insofar as appealed from.

The defendant did not claim that the form of the ceremony at which the parties were married did not comport with Domestic Relations Law § 12. Rather, he claimed only that, inasmuch as the parties did not intend to be married (an assertion that the plaintiff directly contested in her affidavit in opposition), they were not married. As the Supreme Court recognized on reargument, this contention did not require inquiry into religious doctrine (*cf. Madireddy v Madireddy*, 66 AD3d 647 [2009]), but only into the requirements of Domestic Relations Law § 12. Consequently, the Supreme Court, in recognition that it had overlooked "matters of fact or law . . . in determining the prior motion" (CPLR 2221 [d] [2]), properly granted the plaintiff's motion for leave to reargue. Moreover, upon reargument, the Supreme Court properly denied that branch of the defendant's motion which was for a determination that the marriage was null and void, as nothing in the defendant's submissions cast doubt on the validity of the marriage under Domestic Relations Law § 12 (*see Ahmed v Ahmed*, 55 AD3d 516 [2008]; *Persad v Balram*, 187 Misc 2d 711, 717 [2001]). Angiolillo, J.P., Balkin, Leventhal and Sgroi, JJ., concur.