■ PHILLIP KUSLANSKY, Respondent, v KUSLANSKY, ROBBINS, STECHEL AND CUNNINGHAM, LLP, et al., Appellants. [966 NYS2d 674]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Warshawsky, J.), entered November 4, 2011, which denied the motion of nonparty Cardiac Imaging Leasing, LLC, inter alia, to vacate a restraining notice issued pursuant to CPLR 5222, which restrained its bank account at JP Morgan Chase.

Ordered that the appeal is dismissed, without costs or disbursements.

In June 2011, the Supreme Court entered judgment against the defendants and in favor of the plaintiff in the total sum of

$823,946.54. In July 2011, the plaintiff served a restraining notice pursuant to CPLR 5222 upon JP Morgan Chase (hereinafter Chase), seeking to restrain the funds held in an account maintained by nonparty Cardiac Imaging Leasing, LLC (hereinafter Cardiac Imaging). Cardiac Imaging moved, inter alia, to vacate the restraint on its account, contending, among other things, that the funds were not subject to restraint because it was not a judgment debtor, as it was a legal entity separate from the individual defendants. The Supreme Court denied the motion.

Cardiac Imaging, the real party in interest on this appeal, is not a party to this appeal. The defendants, who acknowledge that Cardiac Imaging is a separate legal entity, are not aggrieved by the order appealed from. Accordingly, their appeal must be dismissed (*see* CPLR 5511; *Matter of Commercial Bank of Informatics & Computing Technique Dev. Bank Informtechnika v Ostashko*, 274 AD2d 516 [2000]). Dillon, J.P., Angiolillo, Austin and Hinds-Radix, JJ., concur.