Archer v Beach Car Serv., Inc. (2020 NY Slip Op 01138)





Archer v Beach Car Serv., Inc.


2020 NY Slip Op 01138


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-12387
 (Index No. 1119/11)

[*1]Aleksei Archer, appellant, 
v
Beach Car Service, Inc., et al., defendants, Alexis Martynuk, et al., respondents.


Sullivan & Brill, LLP, New York, NY (James Healy of counsel), for appellant.
Baker, McEvoy, Morrissey & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY [Kristen Reed], of counsel), for respondents Nicholas Amendolara, James Monahan, and William Murgolo; Saretsky Katz & Dranoff, LLP (Marjorie E. Bornes, Brooklyn, NY [Kristen Reed], of counsel), for respondent temporary administrator of the estate of Patrick J. Connolly; Rizzuto Law Firm (Marjorie E. Bornes, Brooklyn, NY [Kristen Reed], of counsel), for respondents Alexis Martynuk and Brian J. Gillespie; Milene Mansouri, Esq., P.C. (Marjorie E. Bornes, Brooklyn, NY [Kristen Reed], of counsel), for respondents Patrick Quinn and Richard A. Watford (one brief filed).



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), dated July 30, 2018. The order, insofar as appealed from, granted the motion of the defendants Alexis Martynuk and Brian J. Gillespie for summary judgment dismissing the amended complaint insofar as asserted against them, granted that branch of the motion of the defendant temporary administrator of the estate of Patrick J. Connolly which was for summary judgment dismissing the amended complaint insofar as asserted against it, granted that branch of the motion of the defendants Patrick Quinn and Richard A. Watford which was for summary judgment dismissing the amended complaint insofar as asserted against them, and granted that branch of the cross motion of the defendants Nicholas Amendolara, James Monahan, and William Murgolo which was for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendants Alexis Martynuk and Brian J. Gillespie for summary judgment dismissing the amended complaint insofar as asserted against them is denied, that branch of the motion of the defendant temporary administrator of the estate of Patrick J. Connolly which was for summary judgment dismissing the amended complaint insofar as asserted against it is denied, that branch of the motion of the defendants Patrick Quinn and Richard A. Watford which was for summary judgment dismissing the amended complaint insofar as asserted against them is denied, and that branch of the cross motion of the defendants Nichola Amendolara, James Monahan, and William Murgolo which was for summary judgment dismissing the amended complaint insofar as [*2]asserted against them is denied.
The plaintiff, a pedestrian, allegedly sustained serious personal injuries in a hit-and-run accident that occurred on January 18, 2008. After the accident, the driver of the offending vehicle transported the plaintiff to the hospital, but then fled the hospital without identifying himself. It was determined at the hospital that the vehicle that struck the plaintiff was a livery cab associated with the defendant Beach Car Service, and the telephone number for Beach Car Service was contained in the plaintiff's emergency room record. Since the plaintiff was unable to discover the identity of the driver, in February 2008 the plaintiff served a notice of intention to make a claim against the Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC) pursuant to Insurance Law § 5208. Thereafter, the plaintiff engaged in pre-action discovery (see CPLR 3102[c]) against Beach Car Service in an effort to learn the identity of the driver of the vehicle that struck him. These efforts were ultimately unsuccessful.
In January 2011, the plaintiff commenced this action against the defendants Beach Car Service, Inc., Beach Car Service (hereinafter together the Beach Car defendants), and John Doe, intended to be the owner and operator of the vehicle that hit him. Thereafter, the complaint was amended to add as defendants, among others, eight drivers whom the Beach Car defendants informed the plaintiff were on duty the night of the accident.
In March 2011, the plaintiff was granted permission to file an action against MVAIC pursuant to Insurance Law § 5218(a). In October 2011, the plaintiff commenced an action against MVAIC (hereinafter the MVAIC action). The MVAIC action was ultimately settled for the statutory maximum of $25,000 (see Insurance Law §§ 5210[a][1]; 5213[a]), and the plaintiff executed a general release and stipulation of discontinuance.
Thereafter, the defendants Alexis Martynuk, Brian J. Gillespie, Nichola Amendolara, James Monahan, William Murgolo, Patrick Quinn, Richard A. Watford, and the temporary administrator of the estate of Patrick J. Connolly (hereinafter collectively the defendants) moved or cross-moved for, inter alia, summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff lacked standing to prosecute this personal injury action against them since he executed a general release which effected an assignment of his claim to MVAIC. They also argued that, by operation of Insurance Law § 5103(b), the plaintiff, upon receipt of the settlement amount from MVAIC, automatically assigned his personal injury claim to MVAIC.
In opposition, the plaintiff submitted, inter alia, the affidavit of Boris Kazakevich, the manager of the Recovery Department of MVAIC. He averred that, when MVAIC settled the matter with the plaintiff, the plaintiff's attorneys advised that the identity of the offending driver was still unknown, and that the plaintiff's attorneys were still conducting an investigation in the instant action. Kazakevich averred that MVAIC, after it settles a claim, still has an interest in identifying and obtaining a recovery from a financially irresponsible or unidentified driver. Thus, according to Kazakevich, upon settling the MVAIC action with the plaintiff, MVAIC made a deliberate determination not to take an assignment of the plaintiff's personal injury claim because the identity of the driver was not known to MVAIC at that time, and since, if the plaintiff succeeds in identifying the driver and obtaining any recovery, then the plaintiff will reimburse MVAIC the $25,000 it paid in settlement.
By order dated July 30, 2018, the Supreme Court awarded the defendants summary judgment dismissing the amended complaint insofar as asserted against each of them. The court determined that the plaintiff assigned "any and all causes of action arising out of the subject accident" to MVAIC when he executed the general release in consideration for the settlement payment. We reverse insofar as appealed from.
Contrary to the Supreme Court's determination, the general release executed by the plaintiff did not contain any provision assigning any and all causes of action arising out of the subject accident to MVAIC.
Contrary to the defendants' contention, the plaintiff did not assign his personal injury claim to MVAIC by operation of Insurance Law § 5103(b). " It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature, and where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used'" (Villavicencio v Erie Ins. Co., 172 AD3d 1276, 1277, quoting Patrolmen's Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208; see New York State Dept. of Envtl. Conservation v Segreto, 169 AD3d 813, 814). "A further fundamental rule of statutory construction when construing statutes under the same legislative act is that the court must take the entire act into consideration, or look to the act as a whole, and all sections of a law must be read together to determine its fair meaning" (Matter of Carver v Nassau County Interim Fin. Auth., 142 AD3d 1003, 1007 [internal quotation marks omitted]).
Insurance Law § 5213(b) provides: "As a condition to the payment of the amount of the settlement the qualified person . . . shall assign his claim to the corporation which shall then be subrogated to all of the rights of the qualified person against the financially irresponsible motorist." Thus, the statute provides that, upon payment of the settlement amount by MVAIC, the "qualified person," i.e., the plaintiff, shall assign his personal injury claim to MVAIC. As stated by the United States District Court for the Southern District of New York in Pacho v Enterprise Rent-A-Car Co. (572 F Supp 2d 341, 349 [SD NY]), "[t]he text does not say that acceptance of payment operates as an assignment by operation of law; neither does it make execution of an assignment a condition precedent to the receipt of payment. Rather, the statute obligates an individual who receives payment to assign her claim to MVAIC, giving MVAIC the enforceable right to obtain such assignment." Thus, although the plain language of Insurance Law § 5213(b) requires the plaintiff to assign his claim to MVAIC as a condition of receiving a settlement from MVAIC, such language does not make the assignment automatic.
This interpretation of the statute is consistent with the purpose of the Motor Vehicle Accident Indemnification Corporation Act, which is, inter alia, "to compensate innocent victims of motor vehicle accidents caused by . . . unidentified motor vehicles which leave the scene of [an] accident" (Canty v Motor Veh. Acc. Indem. Corp., 95 AD2d 509, 510 [internal quotation marks omitted]; see Insurance Law § 5201). To effectuate the purpose of the act, MVAIC was granted broad authority "to exercise all powers necessary and convenient to accomplish" that purpose (Insurance Law § 5206[a]).
As set forth in the affidavit of Boris Kazakevich, MVAIC determined that, given the plaintiff's counsel's efforts in this action to identify the unknown driver and obtain a recovery, it chose not to take an assignment from the plaintiff, but rather rely upon the plaintiff's reimbursement from any damages award he receives as a result of the instant action. MVAIC's determination as to how best to proceed to recoup the amount it paid to the plaintiff in settlement, while also being assured that the plaintiff was pursuing an action against a potential financially irresponsible driver, was within the broad powers granted to MVAIC, and was consistent with the purpose of the Motor Vehicle Accident Indemnification Corporation Act.
Calhoun v Kruczkiewicz (129 AD2d 546) is illustrative. There, the plaintiffs executed a written assignment of claim to MVAIC upon receiving a settlement from MVAIC. Thus, MVAIC became subrogated to the rights of those plaintiffs (see id. at 546-547). In contrast, here, the plaintiff did not execute any assignment of his claim to MVAIC, and MVAIC did not become subrogated to the rights of the plaintiff.
Contrary to the defendants' contention, the doctrine of judicial estoppel does not apply to preclude the plaintiff's action against them. "Under the doctrine of Judicial estoppel, also known as estoppel against inconsistent positions, a party may not take a position in a legal proceeding that is contrary to a position he or she took in a prior proceeding, simply because his or her interests have changed" (Bihn v Connelly, 162 AD3d 626, 627; see Canzona v Canzona, 142 AD3d 1030, 1031). "The doctrine applies only where the party secured a judgment in his or her favor in the prior proceeding" (Bihn v Connelly, 162 AD3d at 627; Matter of State Farm Mut. Auto. Ins. Co. v Allston, 300 AD2d 669, 670). "The doctrine is invoked to estop parties from adopting [*3]such contrary positions because the judicial system cannot tolerate this playing fast and loose with the courts" (Bihn v Connelly, 162 AD3d at 628; Ford Motor Credit Co. v Colonial Funding Corp., 215 AD2d 435, 436). The plaintiff's position in his action against MVAIC that he had not "succeeded in identifying the driver of the vehicle that contacted [him] on January 18, 2008," is not an admission that he would never be able to identify the driver, and is not inconsistent with the position he is taking in this action in which he has sought discovery to attempt to learn the identity of the driver.
The defendants' remaining contention is without merit.
Accordingly, the Supreme Court should not have awarded the defendants summary judgment dismissing the complaint insofar as asserted against each of them.
AUSTIN, J.P., ROMAN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court