Joseph v Singh (2022 NY Slip Op 04158)

Joseph v Singh

2022 NY Slip Op 04158

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
SHERI S. ROMAN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-05367
 (Index No. 202202/15)

[*1]Anita Joseph, respondent, 
v
Krishna Singh, appellant.

Fox & Lefkowitz, LLP, Westbury, NY (Richard B. Lefkowitz of counsel), for appellant.
Russell Law Group, PLLC, Westbury, NY (Camille O. Russell of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Nassau County (Marie F. McCormack, Ct. Atty. Ref.), entered April 18, 2019. The judgment of divorce, upon a decision of the same court dated February 15, 2019, made after a nonjury trial, inter alia, distributed the parties' marital estate, including real and personal property.
ORDERED that the judgment of divorce is affirmed, with costs.
In this action for a divorce and ancillary relief, the defendant contends that the Supreme Court had no authority to enter a judgment of divorce and should have dismissed the complaint, because the parties never entered into a valid marriage with each other. In a decision issued after the trial of this action, the court rejected this contention, and thereafter entered a judgment of divorce. The defendant appeals.
The evidence before the Supreme Court established that, on October 13, 1995, the parties took part in a Hindu wedding ceremony, conducted by a Hindu religious leader and attended by several guests. Despite the defendant's assertion that the parties never intended to be married, the parties solemnly declared in the presence of a clergyman and at least one witness that they took each other as husband and wife and, thus, they entered into a valid marriage (see Domestic Relations Law § 12; Hirsh v Stern, 83 AD3d 783; Ahmed v Ahmed, 55 AD3d 516). Contrary to the defendant's contention, the parties' failure to obtain a marriage license had no effect on the validity of their marriage (see Domestic Relations Law § 25).
The defendant further contends that, under the doctrine of judicial estoppel, the plaintiff should be precluded from asserting that she and the defendant were validly married, since she entered into a marriage with another person in 2001 for the purpose of obtaining United States citizenship, and, in 2005, she obtained a judgment of divorce from the other person. This contention is without merit. Under the doctrine of judicial estoppel, "a party may not take a position in a legal proceeding that is contrary to a position he or she took in a prior proceeding, simply because his or her interests have changed" (Archer v Beach Car Serv., Inc., 180 AD3d 857, 861 [internal quotation marks omitted]). Here, the issue of whether the plaintiff had entered into a valid marriage with the [*2]defendant in this action was not raised in the plaintiff's 2005 divorce action against the other person, and the plaintiff did not take any position on that issue in the 2005 divorce action. Thus, the doctrine of judicial estoppel is not applicable (see Rosario v Montalvo & Son Auto Repair Ctr., Ltd., 76 AD3d 963, 964).
IANNACCI, J.P., ROMAN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court